**Guyla Carle GLAESMAN, Plaintiff-Appellee,**

v.

**SHOP–RITE FOODS, INC., a New Mexico corporation, Defendant-Appellant.**

**No. 259–70.**

United States Court of Appeals, Tenth Circuit.

March 1, 1971.

John R. Couch, Oklahoma City, Okl. (Pierce, Duncan, Couch & Hendrickson, Oklahoma City, Okl., of counsel, on the brief) for defendant-appellant.

Githen K. Rhoads, of Rhoads, Ashton & Johnson, Lawton, Okl., for plaintiff-appellee.

Before LEWIS, Chief Judge, Mc-WILLIAMS, Circuit Judge, and BRATTON, District Judge.

PER CURIAM.

It is somewhat difficult to understand why this appeal reaches us. In 1967, Shop-Rite, the operator-lessee of a food store, brought suit against its landlord alleging that the parking lot on the leased premises was in a dangerous state of disrepair and asserting a duty on the landlord to remedy the condition. In 1969, plaintiff Glaesman, a regular customer of Shop-Rite, slipped and fell in the parking lot which had remained un-

repaired. The case at bar was filed and resulted in a judgment favoring plaintiff for damages compensating for personal injuries. This appeal by Shop-Rite followed.

In her complaint plaintiff alleged, in substance, that the parking lot was in a deplorable condition and that Shop-Rite was well aware of that fact. The allegation was denied by Shop-Rite and the defense of contributory negligence was affirmatively pleaded.

■ During trial, plaintiff was permitted to read into the record pertinent parts of the pleadings and discovery interrogatories filed in Shop-Rite's suit against its landlord. Shop-Rite now complains of this procedure arguing that the consideration of these pleadings caused unfair confusion in the case and caused diversion in the jury's mind away from the primary position of Shop-Rite at trial, that is, that plaintiff's fall was over a parking lot defect completely visible to her. This argument requires but little comment. The subject evidence was a classic example of an indisputable admission against interest on a material issue and Shop-Rite cannot complain that other and less dramatic proof might be adequate to sustain plaintiff's burden.

■ The issue of whether plaintiff's own conduct negligently contributed to cause her injuries was submitted to the jury under instructions properly reflecting the law of Oklahoma and the evidence of the case. When plaintiff and her husband returned to their car in the parking lot another car had parked next to the passenger side of their car. The space between the two cars consisted of a depression containing debris, including broken glass, and an uncluttered asphalt ridge. Plaintiff attempted to reach the door of her car by walking over the ridge and in so doing slipped with both feet and fell heavily. Testimony was given to the effect that the swollen asphalt did not appear to be slippery but was in fact very slippery. Thus the case clearly presented a jury question within the compulsion of Jack Healey Linen Service v. Travis, Okl., 434 P.2d 924, where that court stated at 927–928:

> While the general physical condition might be familiar to the actor, a particular risk from the known defect could nevertheless, under the circumstances of a given occasion, be incapable of appreciation. If, as here, conflicting inferences may be drawn from the facts and circumstances in evidence as to whether the offending hazard did have a "deceptively innocent appearance", or its extent could not be anticipated, neither the trial court nor this court may declare that the peril was obvious and apparent and that recovery is precluded as a matter of law. The question is one for the jury.

Affirmed.