39814. MARCHMAN & SONS, INC. et al. v. NELSON et al.

GREGORY, Justice.

Lower riparian landowners brought an action in DeKalb Superior Court in tort seeking damages against ten defendants who were upper riparian landowners, developers and contractors. Among the defendants named were: Marchman & Sons, Inc. (Marchman), John H. Cowart, Inc. (Cowart), David Nelson (Nelson), and Steve Arthur (Arthur). A settlement was reached between the plaintiffs and all the defendants except three who declined to participate. Plaintiffs gave a release to the participating defendants and dismissed the complaint with prejudice. Marchman and Cowart, who participated in the settlement, then brought suit for contribution against Nelson and Arthur,[1] who did not participate in the settlement. The trial court granted summary judgment to the defendants, Nelson and Arthur. The Court of Appeals affirmed on the ground that the dismissal with prejudice of the underlying tort suit is a bar to the suit for contribution. Certiorari was granted as to this issue. We reverse.

The issue before us requires a consideration of our basic statute regarding the right of contribution among joint tortfeasors. OCGA § 51-12-32 (Code Ann. § 105-2012).[2] Some history is necessary in order to understand the statute. An oversimplified account of the history of contribution among joint tortfeasors begins with the premise that at common law contribution was not allowed. Greyhound Lines v. Cobb County, Georgia, 681 F2d 1327 (11th Cir. 1982); W. Prosser, *Law of Torts,* § 50 (4th Ed.) (1971); Note, *Contribution Among Joint Tortfeasors,* 12 Ga. Law Rev. 553 (1978). The early cases dealt with

---

[1] DeKalb County was also named a defendant in the contribution suit but is not a party to this appeal.

[2] "(a) Where a tortious act does not involve moral turpitude, contribution among several trespassers may be enforced just as if an action had been brought against them jointly. Without the necessity of being charged by action or judgment, the right of a joint trespasser to contribution from another or others shall continue unabated and shall not be lost or prejudiced by compromise and settlement of a claim or claims for injury to person or property or for wrongful death and release therefrom.

"(b) If judgment is entered jointly against several trespassers and is paid off by one of them, the others shall be liable to him for contribution."

intentional wrongdoers. The law would not undertake to aid one who had intentionally done wrong. Under this rule, assume A was damaged by the intentional wrongful joint acts of B and C. A obtained judgment against them both, but satisfied the judgment against B only. There was no common law right of action in B to recover, as contribution from C, a pro rata portion of the amount paid to satisfy A's judgment. The law would not aid B, an intentional wrongdoer. This rule turned out to be too harsh in the case of tortfeasors who were only negligent and not intentional wrongdoers. Our courts developed a rule recognizing a right of contribution in one joint tortfeasor who was merely passive in his conduct from another joint tortfeasor who was active in his conduct. See: *Central of Ga. R. Co. v. Macon Railway &c. Co.,* 140 Ga. 309 (78 SE 931) (1913); Note, *Torts-Distribution of Judgment Among Tortfeasors — An Approach of Fairness Among the Parties.* 24 Mer. Law Rev. 697 (1973). This distinction between active and passive conduct is absent from the Code of 1933. There it was simply provided, "[i]f judgment is entered jointly against several trespassers, and is paid off by one, the others shall be liable to him for contribution." Code 1933, § 105-2012. Under this rule, assume A is injured due to the joint negligence of B and C. A recovers a judgment against B and C but gets satisfaction from B only. B then has a right of contribution against C. Of course, the right only came into being after (1) joint judgment was entered against B and C and, (2) B satisfied the judgment. An amendment to the statute in 1966 eliminated the requirement of a joint judgment. It provided, "[w]here the tortious act does not involve moral turpitude, contribution among several trespassers may be enforced just as if they had been jointly sued." Georgia Laws 1966, p. 433. Under this rule, assume A is injured by the joint negligent acts of B and C. A sues only B and recovers a judgment which B satisfies. B then has a right of contribution against C. *F. H. Ross & Co. v. White,* 224 Ga. 324 (161 SE2d 857) (1968); *Hangar Cab Co. v. City of Atlanta,* 122 Ga. App. 661 (178 SE2d 292) (1970). Even though the 1966 amendment did away with the necessity of a joint judgment, there remained the requirement that a judgment, as opposed to a joint judgment, in the underlying suit be entered against the party seeking contribution, before the right of contribution arose. *Thornhill v. Bullock,* 118 Ga. App. 186, 188 (2) (162 SE2d 886) (1968). The judgment requirement meant that a settlement with a release, where no judgment was entered, resulted in no right of contribution. This circumstance prompted a 1972 amendment to the contribution statute which added one sentence. "Without the necessity of being charged by suit or judgment, the right of contribution from another or others shall

continue unabated and shall not be lost or prejudiced by compromise and settlement of a claim or claims for injury to person or property or for wrongful death, and release[3] therefrom." Georgia Laws 1972, pp. 132, 133. The plain language of the amendment provides for the existence of a right of contribution without the necessity of a judgment in the underlying suit. See, *Dodge Trucks, Inc. v. Wilson,* 140 Ga. App. 743 (1) (231 SE2d 818) (1976). Nor does a release of a joint tortfeasor defeat the right. Under this rule, assume A is injured by the joint negligent acts of B and C. No suit is filed. Instead, A and B reach a settlement of A's claim. B pays A's damages and is given a release by A. B has a right of contribution against C.

The factual situation before us in this case adds one dimension to the last hypothetical case discussed. A suit was filed. There was a settlement reached between the plaintiffs and Marchman and Cowart. A release was given by the plaintiffs to Marchman and Cowart. Furthermore, as the added dimension, the complaint against all the defendants in the tort suit was dismissed with prejudice by the plaintiffs. Nelson and Arthur argue that a dismissal with prejudice is an adjudication that they are not joint tortfeasors. In other words, the dismissal with prejudice is an adjudication on the merits in their favor. The Court of Appeals accepted this argument and concluded that there could be no contribution because there could be no adjudication that there were joint tortfeasors. This overlooks the substance of the transaction. A dismissal with prejudice *operates* as an adjudication on the merits. It is a final disposition. It bars the right to bring another action on the same claim or cause. *Cranford v. Carver,* 124 Ga. App. 767 (186 SE2d 150) (1971). However, it is not, in truth, a determination of the issues in the case. It merely functions as, or operates as, an adjudication of those issues without an actual presentation of and decision on them. Our statute recognizes the continuing existence of the right of contribution against a joint tortfeasor who has been released. It recognizes the existence of the right of contribution where there is no judgment at all in the underlying suit, and even where there is no underlying suit filed.[4] Thus, the right of contribution arises out of, but exists separately

---

[3] The general rule in Georgia is that a release in favor of one joint tortfeasor, in full settlement of damages, releases all joint tortfeasors. *Zimmerman's, Inc. v. McDonough Constr. Co.,* 240 Ga. 317 (1) (240 SE2d 864) (1977).

[4] This does not mean the plaintiff in the contribution suit is relieved of the necessity to prove the defendant was a joint tortfeasor. For a discussion of the necessary proof in the contribution suit, absent a judgment, see: Note, *Contribution Among Joint Tortfeasors,* 12 Ga. Law Rev. 553, 557 (1978).

from, the rights present in the underlying suit. We hold that the dismissal with prejudice of the underlying suit is not a bar to an action for contribution by one joint tortfeasor against another joint tortfeasor.

*Judgment reversed and remanded for further consideration not inconsistent herewith. All the Justices concur.*

DECIDED SEPTEMBER 8, 1983 —
REHEARING DENIED SEPTEMBER 27, 1983.

*Drew, Eckl & Farnham, Samuel P. Pierce, Jr.,* for appellants.
*Platon P. Constantinides, Richard W. Calhoun,* for appellees.