A91A0810. TENNECO OIL COMPANY et al. v. TEMPLIN et al.
(410 SE2d 154)

POPE, Judge.

The issues presented in this appeal appear to be issues of first impression in this state. The first is whether a claim by a defendant in a tort action against a plaintiff for contribution for damages awarded in favor of a co-plaintiff is a compulsory counterclaim so that the defendant is barred by the doctrine of res judicata from pursuing the claim for contribution in a separate action after judgment has been rendered. The other is whether a claim by one defendant in a tort action against a co-defendant for contribution is barred by the doctrine of res judicata if it was not brought as a cross-claim in the original action.

In the previous action on which the claim in this appeal was brought (hereinafter the "tort action"), appellee Douglas Lynn Bullman and the woman who later became his wife, who were injured in a multi-car collision, sued appellant Tenneco Oil Company, the Tenneco employee who was driving Tenneco's vehicle and four others, including appellee Barbara Gay Templin. Two of the defendants in the tort action were dismissed and the trial proceeded against Tenneco and its employee and Templin. Templin filed a counterclaim against Mr. Bullman, who was the driver of the plaintiffs' automobile, alleging he was liable to Templin for contribution if she was found liable for his wife's injuries. The jury returned a verdict in favor of plaintiffs against both Tenneco and Templin and awarded damages to the wife in the amount of $400,000 but awarded no damages to Mr. Bullman. Finding that Mr. Bullman's negligence contributed to his wife's injuries, the jury returned a verdict in favor of Templin on her counterclaim for contribution. The verdict was reduced as a result of the settlement with the other defendants and judgment was entered in favor of the wife in the amount of $393,000. Both Tenneco and Templin satisfied one-half of this judgment and Templin was awarded a judgment of $98,250 against Mr. Bullman on her claim for contribution. In effect, Tenneco satisfied one-half of the judgment and Templin and Mr. Bullman each satisfied one-fourth of the judgment.

Shortly after judgment was entered in the tort action, Tenneco filed the case now before us on appeal — a claim against Templin and Bullman for contribution (hereinafter, the "contribution action"). In the contribution action Tenneco argues that because all three parties were found to be joint tortfeasors then all three parties should bear a

pro rata share of the total judgment in the tort action.[1] The trial court granted summary judgment to Templin and Bullman and denied Tenneco's motion for summary judgment. Tenneco appeals.

1. We first address the claim against appellee Bullman, which Bullman argues is barred because it was a compulsory counterclaim in the tort action. "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." OCGA § 9-11-13 (a). Essentially, a compulsory counterclaim is one which: 1) arises out of the same transaction or occurrence as the main claim; and 2) has matured at the time the answer is filed. Tenneco argues its claim for contribution against Mr. Bullman meets neither of these requirements and was, therefore, not a compulsory counterclaim in the original tort action.

We reject Tenneco's argument that its claim against Mr. Bullman for contribution to the judgment entered on the claim of his co-plaintiff wife did not arise out of the same transaction as Mr. Bullman's claim against Tenneco. While Mr. Bullman's claim and his wife's claim may have stated two separate causes of action, both claims undeniably arose out of the same transaction or occurrence. " 'The key phrase is that the claim "arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim." ' Cause of action has no express bearing on the issue." *Harbin Lbr. Co. v. Fowler*, 137 Ga. App. 90, 92 (2) (222 SE2d 878) (1975). See also *Howard Concrete Pipe Co. v. Cohen*, 139 Ga. App. 491 (229 SE2d 8) (1976).

Whether the claim for contribution existed at the time Tenneco's answer in the tort action was served is the more complicated issue. Because a claim for contribution to a judgment award is contingent upon a judgment being entered against the party claiming a right to contribution, it can be argued that such a claim has not matured and therefore cannot be brought as a compulsory counterclaim.

Section 13 (a) of the Georgia Civil Practice Act is, in all relevant respects, identical to Rule 13 (a) of the Federal Rules of Civil Procedure, so it is instructive to look to the interpretation of the federal rule. The two leading commentaries on the Federal Rules of Civil Procedure agree that a claim for contribution cannot be a compulsory counterclaim because it has not yet matured. According to Moore's

---

[1] We note that because the cause of action in the tort action arose prior to the effective date of OCGA § 51-12-33, then the provisions of that statute for apportioning damages among joint tortfeasors according to their degree of fault does not apply. See OCGA § 51-12-33 (c).

Federal Practice, because a claim for contribution does not mature until a judgment is entered in the case and is satisfied, a claim for contribution cannot be brought as a counterclaim. 3 Moore & Freer, Moore's Fed. Prac. ¶ 14.14, at 14-85 (2d ed. 1991). The authors of Federal Practice and Procedure agree that Rule 13 (a) of the Federal Rules of Civil Procedure may not be employed to bring a claim for contribution because it is not a matured claim. Wright, Miller & Kane, Federal Prac. & Proc. § 1446 at 375 (1990). But see id. § 1411, at 83-84, in which the authors state "a counterclaim will not be denied treatment as a compulsory counterclaim solely because recovery on it depends on the outcome of the main action."

The federal courts which have considered whether a contingent claim may be brought as a counterclaim are split on the issue. "While it is true that courts have held that, the right to contribution does not mature unless and until one has been compelled to pay damages in excess of his proportionate share under a comparative negligence theory, *Stahl v. Ohio River Co.*, 424 F.2d 52 (3d Cir. 1970); *Goldlawr, Inc. v. Shubert*, 268 F.Supp. 965 (E.D. Pa. 1967); *Slavics v. Wood*, 36 F.R.D. 47 (E.D. Pa. 1964); the recent trend, and the more pragmatic approach, has been to permit counterclaims for contribution; *Lynch v. Sperry Rand Corp.*, 62 F.R.D. 78 (S.D.N.Y. 1973); *Gilbert v. General Electric Company*, 59 F.R.D. 267 (E.D. Va. 1973); *Atlantic Aviation Corporation v. Estate of Costas*, 332 F.Supp. 1002 (E.D.N.Y. 1971)." *In re Oil Spill by "Amoco Cadiz,"* 491 FSupp. 161, 165 (N.D. Ill. 1979). In a Georgia case, the Eleventh Circuit Court of Appeals ruled that a claim for contribution against a joint tortfeasor does not accrue at the time of the commission of the tort but at the time a judgment is entered on the injured party's claim against one of the joint tortfeasors and, therefore, such a claim may not be brought as a counterclaim because it has not matured. *Greyhound Lines v. Cobb County, Georgia*, 681 F2d 1327 (11th Cir. 1982). See also *Steinberg v. St. Paul Mercury Ins.*, 108 F.R.D. 355 (S.D. Ga. 1985); but see *Blanton v. Southern Bell Tel. &c. Co.*, 49 F.R.D. 162 (N.D. Ga. 1970). We note, however, that appellees have cited no cases, and we have found none, in which a separate suit for contribution was barred for failure to bring the claim as a compulsory counterclaim in the underlying tort action.

In at least two cases, this court has ruled that a claim for contribution *may* be brought as a counterclaim. In *Howard Concrete Pipe Co.*, supra, we held: "The claim for contribution [against the plaintiff driver of the automobile for any judgment which might be entered in favor of the co-plaintiff passenger of the automobile] in the event of a judgment finding plaintiff and defendant guilty of concurring negligence is a claim arising out of the occurrence which is the subject matter of the complaint, and as such is maintainable." Id. at 491-492.

In *Howard Concrete*, we examined only the issue of whether the counterclaim for contribution met the requirement of arising out of the same transaction as the plaintiff's claim; we did not address the issue raised in the appeal now before us: whether a claim for contribution also meets the "maturity" requirement of OCGA § 9-11-13 (a).

In *Byington v. Lee*, 150 Ga. App. 393 (258 SE2d 6) (1979), this court reversed the trial court's grant of summary judgment to the plaintiff husband on defendant's counterclaim for contribution should defendant be found liable for co-plaintiff wife's injuries, on the ground that the claim for contribution was not barred by interspousal immunity since, as in the case now before us, the plaintiffs married after the date of the automobile collision out of which the action arose. Although this court held that for purposes of interspousal immunity, the right to seek contribution from one of the spouses for the injuries alleged by the other spouse relates back to the relationship between the parties at the time of the occurrence and "vested when the collision occurred," id. at 394, the case still did not expressly address whether such a claim for contribution had matured so as to make it a compulsory counterclaim.

In fact, this court has ruled that the right to contribution to a judgment by a joint tortfeasor does not accrue until after judgment is entered or a compromise settlement is made, although a third-party action pursuant to OCGA § 9-11-14 may be brought prior to obtaining a judgment. *Evans v. Lukas*, 140 Ga. App. 182, 184 (230 SE2d 136) (1976). Likewise, the statute of limitation on a claim for contribution does not begin to run until a judgment is rendered, although, again, a third party action may be brought as part of the main claim before a judgment is obtained. *Independent Mfg. Co. v. Automotive Products*, 141 Ga. App. 518, 520-521 (1) (233 SE2d 874) (1977). The statute permitting third-party claims expressly permits a defendant to serve a third-party complaint upon a person "who is or may be liable to him for all or part of the plaintiff's claim against him." OCGA § 9-11-14 (a). By contrast, the statute permitting counterclaims describes a compulsory counterclaim as a claim which the pleader has against an opposing party "at the time of serving the pleading" in answer to the opposing party. OCGA § 9-11-13 (a). Thus, even though a third-party complaint may be served before the claim has accrued and, as illustrated by earlier Georgia cases, such claims have been brought as permissive counterclaims, a claim which has not yet accrued cannot be treated as a *compulsory* counterclaim.

One rather cumbersome solution to the problem which would permit a claim for contribution to be tried in the same action as the main tort action is to sever the claims of the two plaintiffs, thereby permitting the plaintiff against whom the claim for contribution is made to be named as a third party to the claim of the other plaintiff,

and then to consolidate the two actions for trial. See, e.g., *United States v. Nicholas*, 28 F.R.D. 8 (D.Minn. 1961). Perhaps the better practice for allowing a claim for contribution to be tried together with the main claim is to allow such a claim to be brought as a permissive counterclaim, with or without the formality of severance and re-consolidation after the addition of a third-party defendant. See *Blanton v. Southern Bell Tel. &c. Co.*, supra. A party may choose to pursue a claim for contribution in the underlying tort action but may not be limited to bringing it in that manner because "'the permission to have contribution . . . is absolutely unrestricted.'" *Horton v. Continental Cas. Co.*, 72 Ga. App. 594, 597 (34 SE2d 605) (1945). We cannot say that a party who chooses not to assert his or her claim for contribution as a counterclaim is barred from bringing a separate suit for contribution after a judgment has been entered in the original tort action.

2. Next, we address the claim against appellee Templin, which Templin argues is barred because it was a matter which could have been raised in the tort action as a cross-claim. "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered . . . ." OCGA § 9-11-40. In the tort action appellant Tenneco and appellee Templin were co-defendants and Tenneco could have brought its claim for contribution as a cross-claim against a co-party. The statute authorizing cross-claims expressly authorizes the bringing of a cross-claim for contribution. "The cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant." OCGA § 9-11-13 (g). The language of the statute, however, is permissive and in no way makes a cross-claim arising out of the same transaction or occurrence as the main claim compulsory.

In *Marchman & Sons, Inc. v. Nelson*, 251 Ga. 475 (306 SE2d 290) (1983), as in the case now before us, a claim for contribution was prosecuted in a separate suit instead of as a cross-claim in the underlying tort action. The Georgia Supreme Court ruled that the dismissal with prejudice of the underlying tort action upon settlement of the claim by some but not all of the defendants was not a bar to a separate action for contribution because "the right of contribution arises out of, but exists separately from, the rights present in the underlying suit." Id. at 477-478. Whether the contribution action was barred by the doctrine of res judicata because the claim was one which could have been adjudicated in the underlying tort action as a cross-claim was not addressed in the *Marchman & Sons* case. Pursuant to the reasoning in that opinion, however, a right to contribution is separate

from the rights in the underlying tort action and may be brought as a separate action. See also *Independent Mfg. Co. v. Automotive Prods.*, supra; *Evans v. Lukas*, supra.

Templin also argues Tenneco's right to contribution from her has already been satisfied because the judgment was entered against the two of them jointly and Templin paid her half of the judgment. The verdict against Bullman on Templin's counterclaim for contribution, however, shows the jury found all three parties, Templin, Bullman and Tenneco, were joint tortfeasors in regard to Mrs. Bullman's claim. As it now stands, Tenneco has borne a greater share of the burden of the total judgment in the tort action than its two joint tortfeasors. Georgia law provides a joint tortfeasor the right of contribution from other tortfeasors. OCGA § 51-12-32 (a). "Contribution among joint tortfeasors is enforceable where one has paid 'more than his share of the common burden which all are equally bound to bear.'" *Waddey v. Davis*, 149 Ga. App. 308, 312 (254 SE2d 465) (1979).

The trial court erred in ruling Tenneco's contribution action against appellees was barred.

*Judgment reversed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 3, 1991.

*Freeman & Hawkins, Howell Hollis III, Michael E. Hutchins*, for appellants.

*Swift, Currie, McGhee & Hiers, L. Bruce Hedrick, Jr., Haas, Bridges & Kane, Alvin L. Bridges, Jr.*, for appellees.