**THYSSEN ELEVATOR COMPANY d/b/a Dover Elevator Company, Plaintiff,**

v.

**DRAYTON–BRYAN COMPANY, a Partnership, Defendant.**

No. 400CV002.

United States District Court, S.D. Georgia, Savannah Division.

July 19, 2000.

A. Martin Kent, Kent, Thomas, Worsham & Smart, Savannah, GA, for Dover Elevator Co., plaintiff.

Frank W. Seiler, D. Michael Conner, Bouhan, Williams & Levy, Savannah, GA, for Drayton–Bryan Co. and Dover Elevator Co., defendants.

## ORDER

EDENFIELD, District Judge.

## I. INTRODUCTION

In its 6/30/00 Order, the Court resolved the summary judgment motions filed by plaintiff Thyssen Elevator Company, d/b/a Dover Elevator Company (Dover), as well as defendant Drayton–Bryan Company, a Partnership (DB), in this contribution/indemnity case. Doc. # 36. The Court's 7/2/00 and 7/14/00 Orders addressed follow-up issues. Doc. 46, 48. Familiarity with those Orders and background facts to this case is assumed.

## II. ANALYSIS

### A. Dover's Objection to the Court's Special Interrogatory No. 1

Dover objects to the Court's special interrogatory number 1: "Did Elizabeth Roberts assume the risk of her death?" Doc. # 55, citing doc. # 48 (attachment).[1] Dover correctly reasons that its contribution case is over if the jury answers this question "yes." Dover insists this is wrong because DB, in not challenging the reasonableness of Dover's settlement with Roberts, has conceded this defense away.

This argument dials back to the "Collusive Settlement" section of the Court's 6/30/00 Order, where the Court acknowledged long-standing concern over collusive settlements aimed at unfairly shifting a tort's "cost" to a non-settling party. If the settling joint tortfeasor, for example, deliberately fails to litigate a dispositive legal defense (e.g., statute of limitations), then he loses his right to recover in contribution from a nonsettling joint tortfeasor. Doc. # 36 at 6–7.

▮ But what if the settling tortfeasor fails to litigate a complete *factual* defense? One federal judge has held that such omission does not bar the contribution claim. *Id.* at 7–8. This Court did not need to reach the issue because DB conceded the reasonableness of Dover's settlement with Roberts. *Id.* at 8. But DB did *not* concede away Dover's obligation to prove the remainder of its contribution case. Indeed, under contribution law,

> [a] joint tortfeasor seeking contribution must ... show that the injury giving rise to the claim for damages was the proximate result of the combined negligence of himself and the contribution defendant, and that he has satisfied the claim if it was reduced to judgment, or has made a reasonable settlement of it in a bona fide compromise.

18 Am.Jur.2d *Contribution* § 126 (1985) (footnote omitted).

Dover cites no authority to support its argument that, by waiving objection to the settlement's reasonableness, DB waives Dover's obligation to prove "that the injury giving rise to the claim for damages was the proximate result of the combined negligence of himself and the contribution defendant." *Id.* In fact, Dover concedes that it must meet that obligation. Doc. # 55 at 2.

And, Dover necessarily concedes that DB is thus free to show that it was not negligent and, even if it was, such negli-

---

1. The Court has since reformulated its Special Interrogatories (attached); Dover is thus objecting to Special Interrogatory number 3 and, presumably, 4.

gence in no way proximately caused Robert's death. Doc. # 55 at 2. Dover therefore must also concede that one way DB can do that is to show that Roberts assumed the risk of her own injury (i.e., even if DB was negligent, the plaintiff expressly consented to it, *see Owens–Ill. v. Bryson,* 138 Ga.App. 78, 79, 225 S.E.2d 475 (1976), and thus neutralized DB's duty to not be negligent toward her). After all, "assumption of the risk ... is just an alternative expression for the concept that the defendant owed no duty...." *Lopez v. Ski Apache Resort,* 114 N.M. 202, 836 P.2d 648, 659 (N.M.App.1992) (concurrence).

██ Yet, Dover wants to tie one of DB's arms behind its back. It would let DB show only that DB was not negligent (or, alternatively, no proximate cause links its negligence to Roberts's death), but prohibit DB from utilizing an assumption of the risk (and, presumably, an avoidance of consequences) defense. It justifies this by insisting that its right to settle must not prejudice its right to seek contribution. Doc. # 55 at 1–2.

Dover is correct that settlement should not prejudice its contribution rights,[2] but it is more likely that, in enacting O.C.G.A. § 51–12–32(c), the Georgia legislature sought to protect only against the development of "as a matter of law" legal hazards such as those discussed in the Court's 6/30/00 Order. *See* doc. # 36 at 6 n. 12 (illuminating a jurisdiction where a joint tortfeasor who settles with the original plaintiff but fails to obtain release for his fellow joint tortfeasors loses his contribution rights against them).[3]

Under this view, a statute expressly stating that tortfeasors should not be prejudiced by settling would not collide, as Dover would have § 51–12–32(c) do here, with the contribution defendant's right to defend the contribution claim on the merits. Admittedly, this result can produce the result projected in Dover's brief: that, on balance, the original jointfeasor should not have settled, but instead should have litigated with Roberts.

But it also preserves the balance § 51–12–32 struck: Dover was free to buy peace with Roberts without foreclosing *all* possibility of recovering from others in contribution, while DB remained free to insist that it was blameless, and thus should not automatically have to pay for half of Dover's costs (something Dover's no-risk-assumption-defenses position semi-advocates by letting DB defend but with only half of its arsenal of defense doctrines).

In that respect, what little law exists supports DB's contention that it can demand full proof on the merits notwithstanding its failure to challenge the reasonableness of Dover's settlement. *See Consolidated Coach Corp. v. Burge,* 245 Ky. 631, 54 S.W.2d 16, 17 (Ky.1932) (Rule that compromise and settlement for reasonable amount in good faith with injured party by one joint tortfeasor establishes prima facie right to contribution does not deprive second joint tortfeasor of jury trial, either as to liability or amount thereof); *Marchman,* 251 Ga. at 478, 306 S.E.2d 290 (the burden is on the contribution claimant to first prove that the contribution defendant is a joint tortfeasor).

---

**2.** O.C.G.A. § 51–12–32(c) provides:

Without the necessity of being charged by an action or judgment, the right of indemnity, express or implied, from another or others shall continue unabated and shall not be lost or prejudiced by compromise and settlement of a claim or claims for injury to person or property or for wrongful death and release therefrom.

As noted in the Court's 6/30/00 Order, doc. # 36 at 3, this statute applies to contribution claims even though it speaks in terms of *indemnity.*

**3.** *Cf. Hedquist v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 272 Ga. 209, 210, 528 S.E.2d 508 (2000) (recounting prior legal scenarios, such as in *Marchman & Sons, Inc. v. Nelson,* 251 Ga. 475, 306 S.E.2d 290 (1983), where the Georgia Supreme Court "rejected the contention of some of the dismissed defendants that the plaintiffs' dismissal with prejudice of all the defendants after settling with some of them was an adjudication on the merits in favor of the non-settling dismissed defendants which barred their former co-defendants' suit against them for contribution").

To summarize, Dover's right to seek contribution should not be prejudiced by settling with the injured plaintiff, O.C.G.A. § 51–12–32(c), but Dover simply goes too far in interpreting this right to mean that DB can raise only *some* defenses (i.e., that it was not negligent and even if it was such did not proximately cause Roberts's death), but not others (that Roberts assumed the risk of DB's negligence, etc.). Dover's objection on these grounds must therefore be overruled.

■ Dover next contends that, because it and Adams settled with Roberts's estate, they "establishe[d] as a matter of law[,] that [Elizabeth Roberts] was not the sole proximate cause of her death." Doc. # 55 at 3. Again, Dover cites no authority to support this contention, which the Court rejects as legally unsupported. All Dover established is part of its prima facie case for recovery in contribution. As *Marchman* and related precedent show, it must still show common liability (hence, negligence and proximate cause) with DB, and DB is free to negate that showing on the merits.

### B.  DB's Objections

■ During the 7/14/00 pretrial conference, DB objected to the Court's failure to include its proposed "contributorily negligent" and "equal or exceed" special interrogatories in the Court's special interrogatories. *See* doc. # 28 exh.  G 2, 5. In that these questions go to comparative negligence,[4] which is not in this case, *see* doc, # 36 at 8, DB's objections are overruled.

### C.  The Court's Jury Charges

■ The parties' Consolidated Jury Charges reflect DB's requests to charge on assumption of risk and avoidable consequences. *See* doc. # 38, requests 23A & 25. The two defenses are distinguishable:

> Assumption of risk in its simplest and primary sense means that the plaintiff has given his express consent to relieve the defendant of an obligation of conduct toward him and to take his chance of injury from a known risk.  Also, plaintiff with knowledge of the risk may be regarded as tacitly or impliedly agreeing to take his own chances.  In working out the distinction the courts have arrived at the conclusion that assumption of risk is a matter of knowledge of the danger and intelligent acquiescence in it.

*McEachern v. Muldovan,* 234 Ga.App. 152, 164–65, 505 S.E.2d 495 (1998) (concurrence), *rev'd on other grounds,* 271 Ga. 805, 523 S.E.2d 566 (1999) (cites omitted). In contrast,

> [t]he doctrine of avoidable consequences does not rest upon the idea that [the] defendant is relieved of any duty toward plaintiff, but denies recovery for any damages which could have been [discovered by plaintiff or might have been] avoided by reasonable conduct on plaintiff's part.  Avoidance of the consequences involves the failure to take action to overcome defendants' negligence after it is … discovered by … plaintiff's exercise of ordinary care.

*Id.* (cites omitted; [original]).

Because both defenses, which do not compare negligence, fit here, they both will be included in the Court's jury charge and

---

4.  *See, e.g., Whelan v. Moone,* 242 Ga.App. 795, 531 S.E.2d 727, 730 (2000) (Defendant physician was not entitled to instruction requiring jury to assign percentages of fault in medical malpractice case; in light of physician's defense that patient's injuries were attributable *to her negligence in failing to submit to* treatment physician recommended, court properly gave instructions on *contributory negligence* rule and on comparative negligence and its "equal to or greater than" bar, and instruc-

tion that jury reduce patient's recovery in proportion to her negligence provided adequate guidance concerning comparative negligence rule).

For that matter, Georgia "limit[s] the common-law doctrine of contributory negligence *to a form of the last clear chance doctrine*[,] *see* O.C.G.A. § 51–11–7," *Muldovan v. McEachern,* 271 Ga. 805, 810, 523 S.E.2d 566 (1999) (concurrence)—a doctrine neither party raises here.

verdict form. However, it is not analytically and practically possible for the Court to instruct, nor for the jury to rationally find, that Roberts assumed the risk (or failed to avoid the consequences) of *only* DB's negligence.

The Special Interrogatories therefore reflect the inescapable fact that if DB prevails on its assumption of risk or avoidable consequences defense, it automatically exonerates Dover of the active negligence DB otherwise must show to prevail on its indemnification claim. *See* doc. # 36 at 9.

**D. Use of Prior Court Pleadings**

■ Dover next argues that DB cannot exploit Dover's statements, admissions, etc., contained in the prior, State court proceedings with Roberts. Doc. # 56 at 1 ("Under *Georgia* law .... pleadings filed in the underlying [prior, State court] case *cannot* be used as admissions against interest in a third party complaint for contribution, arising out of the same case") (emphasis original and added).

This issue goes to both evidentiary and judicial estoppel[5] principles. While courts sometimes make subtle distinctions, in *federal court*, where Georgia evidentiary law does not control, *see Piamba Cortes v. American Airlines*, 177 F.3d 1272, 1306 (11th Cir.1999), there is no *per se* bar against the admission of briefs, etc., from prior proceedings. *See, e.g., Koch v. Koch Indus., Inc.*, 996 F.Supp. 1273, 1277 (D.Kan.1998) (statements made in briefs may be considered admissions at the court's discretion). In *Glaesman v. Shop–Rite Foods, Inc.*, 438 F.2d 341, 342 (10th Cir.1971), for example, the Tenth Circuit

affirmed a district court ruling which allowed plaintiffs to read into the record pleadings containing inconsistent allegations. 438 F.2d at 342. In that case, Shop–Rite denied it was liable for injuries the plaintiff sustained when she slipped in the grocery store's parking lot. Id. at 341–42. However, prior pleadings from a state court action indicated Shop–Rite had already sued its landlord for leasing those exact premises in an unreasonably dangerous condition. Id. [The Tenth Circuit] held the prior pleadings constituted an "indisputable admission against interest on a material issue." Id. at 342.

In more recent cases, other circuits have allowed introduction of prior inconsistent pleadings as substantive evidence pursuant to Fed.R.Evid. 801(d)(2). *See Williams v. Union Carbide Corp.*, 790 F.2d 552, 556 (6th Cir.), *cert. denied,* 479 U.S. 992, 107 S.Ct. 591, 93 L.Ed.2d 592 (1986); *Vincent v. Louis Marx & Co., Inc.*, 874 F.2d 36, 38–40 (1st Cir.1989); *Mason v. Texaco, Inc.*, 129 F.R.D. 542, 544 (D.Kan.1989). In addition, prior pleadings may be introduced on cross examination for use as an impeachment tool under Fed.R.Evid. 613. *Williams,* 790 F.2d at 556; *see also Parkinson,* 233 F.2d at 438 (acknowledging that former pleadings normally come into case as admissions or by way of impeachment). *Dugan v. EMS Helicopters, Inc.*, 915 F.2d 1428, 1431–32 (10th Cir.1990).[6] DB's brief reveals DB's desire to introduce in this case a 1997 summary judgment response brief Dover filed in the prior State court proceeding. Doc. # 57. There Dover as-

---

5. *See McGlaughn v. McGlaughn,* 611 So.2d 382, 383 (Ala.Civ.App.1992) (party who has, with knowledge of the facts, assumed particular position in judicial proceedings, is estopped from later assuming position inconsistent with first one to prejudice of adverse party); *James v. Auto Owners Ins. Co.,* 1998 WL 914241 at *2 (S.D.Ga. 1998) (unpublished).

6. *See also U.S. v. GAF Corp.,* 928 F.2d 1253, 1259 (2d Cir.1991) (Prior inconsistent bill of

particulars is admissible in criminal case as admission by Government in appropriate situation; although Government is not bound by what it previously has claimed its proof will show any more than party that amends its Complaint is bound by prior claims, jury is at least entitled to know that Government at one time believed, and stated, that its proof established something different than what it currently claims).

serts, *inter alia*, that Roberts assumed the risk "of attempting to crawl from the stuck elevator." *Id.* at 2. DB does not specify whether it considers such statements judicial or evidentiary admissions. But that is not a critical point:

> ■ We needn't consider which type of admission it was, judicial or evidentiary, because a judicial admission binds only in the litigation in which it is made. In any other suit ... it operates merely as an evidentiary admission; for remember that a judicial admission is in the nature of a waiver. A waiver is a deliberate relinquishment of a known right, and a waiver made for purposes of one lawsuit needn't have been intended to carry over to another.

*Higgins v. Mississippi*, 217 F.3d 951, 954 (7th Cir. 2000) (cites omitted). Here it appears that DB intends to use Dover's prior pleadings for impeachment (hence, "evidentiary admission") purposes. But Dover objects because the prior State court proceeding involved different parties (i.e., DB was not a party there).[7] *Shop-Rite* made no such distinction, and the Court in any event will hold Dover to its prior representation that DB in fact was, for a time at least, a (third) party to the prior State court case. *See* supra note 7.

---

**7.** Dover previously represented to this Court that DB, for a while at least, *was* a party to the State court action. *See* doc. # 18 at 4 (Dover's Trial Brief representing that "Dover filed a Third Party Complaint against [DB], alleging that [DB was a joint tortfeasor] and liable for contribution. This action was severed from the first trial by agreement of counsel"). The Court relied upon this representation in generating its 6/30/00 Order, *see* Doc. # 36 at 1, and Dover has since neither questioned nor corrected the Court on that point.

**8.** *See Eastern Natural Gas Corp. v. Aluminum Co. of America*, 126 F.3d 996, 1001–02 (7th Cir.1997) (Refusal to permit plaintiffs in breach of contract action to introduce into evidence withdrawn pleadings pertaining to legal theory behind defendant's breach of contract counterclaim was not abuse of discretion; although district court was aware

■ Nevertheless, the following evidentiary rules shall guide the tendering party's presentation:

1. The prior pleading must not sow undue confusion, nor wreak impermissible jury inflammation.[8]

2. Statements made in pleadings since amended generally cease to be conclusive but remain admissible.[9]

3. This Court "must be satisfied that the prior argument [or pleading] involves an assertion of fact clearly inconsistent with similar assertions in a subsequent trial." *GAF*, 928 F.2d at 1261 n. 3.

### III. CONCLUSION

Plaintiff Thyssen Elevator Company, d/b/a Dover Elevator Company's (Dover's) Objection to the Court's Special Interrogatory (doc. # 55) is **OVERRULED.** Dover's implied motion (doc. # 56) to exclude evidence involving Dover's prior, State court pleadings and any admissions contained within them is **DENIED.**

At the 7/14/00 pretrial conference, the Court heard argument on, and now **DENIES,** defendant Drayton–Bryan Company's (DB's) motion in limine (doc. # 40) for the reasons provided then. DB's 7/14/00 Oral Objection to the Court's failure to include its proposed questions 2 and 5 in

---

that prior pleadings were generally admissible, court decided that, in light of complex issues involved, potential for jury confusion posed by that evidence outweighed its probative value, and in order to minimize prejudice to plaintiffs, they were permitted to use prior pleadings to impeach witnesses or to refresh recollection).

**9.** A party is normally bound by facts asserted in a pleading. *Bellefonte Re Insurance Co. v. Argonaut Ins. Co.*, 757 F.2d 523, 528 (2d Cir.1985). When the pleading is amended, however, the prior statement "ceases to be a conclusive judicial admission," but still remains competent, though controvertible, evidence. *United States v. GAF Corp.*, 928 F.2d 1253, 1259 (2d Cir.1991).
*ASI Sign Systems, Inc. v. Architectural Systems, Inc.*, 1999 WL 553825 at *3 n. 5 (S.D.N.Y. 1999) (unpublished).

**1362**

the Court's Special Interrogatories is *OVERRULED.*

Finally, the Clerk shall terminate motion #37–2 ("motion for clarification") from the docket because the Court (in its 7/12/00 Order, doc. #46), has already granted and denied it in part.

### ATTACHMENT

### SPECIAL INTERROGATORIES

**1.** Did DB violate its duty of care (and thus, was it negligent) toward Elizabeth Roberts?

_____ Yes _____ No (Please check one)

If your answer is YES, proceed to question 2. If your answer is NO, skip to question 5.

**2.** Did DB's negligence, solely or concurrently with that of Dover, Adams and Elizabeth Roberts (or any combination thereof), proximately cause Roberts's death?

_____ Yes _____ No (Please check one)

If your answer is YES, proceed to question 3. If your answer is NO, proceed to question 5.

**3.** Did Elizabeth Roberts assume the risk of the negligence identified in question 2?

_____ Yes _____ No (Please check one)

If your answer is YES, skip all of the remaining questions, have your Foreperson sign and date below, then contact the Marshall. If your answer is NO, proceed to question 4.

**4.** Could Elizabeth Roberts have avoided the consequences of the negligence identified in question 2?

_____ Yes _____ No (Please check one)

If your answer is YES or NO, skip all of the remaining questions, have your Foreperson sign and date below, then contact the Marshall.

**5.** Did Dover's admitted negligence, solely or concurrently with that of Adams and Elizabeth Roberts (or any combination thereof), proximately cause Roberts's death?

_____ Yes _____ No (Please check one)

After selecting your answer, have your Foreperson sign and date below, then contact the Marshall.

This _____ day of July, 2000.

_____
FOREPERSON

### SPECIAL INTERROGATORY

What reasonable attorney fees and costs do you award Drayton–Byran?
$_____.

This _____ day of July, 2000.

_____
FOREPERSON