A01A1377. SCOTT v. RAKESTRAW.
(556 SE2d 492)

POPE, Presiding Judge.

On September 30, 1998, an automobile driven by J. D. Scott was in a collision with a tow truck driven by Kevin Mahaffey, a wrecker driver working for Hudson Rakestraw d/b/a M & R Wrecker Service. Scott's mother, Margaret Scott, was a passenger in Scott's automobile at the time of the collision. Scott filed suit against Rakestraw in the Magistrate Court of Paulding County seeking damages for bodily injuries he allegedly sustained in the collision. Rakestraw filed an answer and a counterclaim seeking to recover for damages to his vehicle. The magistrate court subsequently entered judgment in favor of Scott and against Rakestraw on his counterclaim.

On the same day that Scott filed the magistrate court action, Margaret Scott filed a personal injury action against Rakestraw in the Superior Court of Paulding County. Along with his answer to Margaret Scott's complaint, Rakestraw filed a third-party complaint against J. D. Scott, asserting a claim for contribution, indemnification, and subrogation. Both J. D. Scott and Rakestraw filed motions for summary judgment. The superior court granted Rakestraw's motion and denied J. D. Scott's motion. J. D. Scott appeals. We affirm.

1. Scott argues that Rakestraw's claim for contribution was barred by res judicata and OCGA § 9-2-5 (a).[1] We disagree.

The filing of the magistrate court property loss counterclaim and the superior court third-party complaint asserting contribution did not violate OCGA § 9-2-5 (a). Although there may be common issues in the two cases, they are not identical. See *Intl. Telecommunications Exchange Corp. v. MCI Telecommunications Corp.*, 214 Ga. App. 416 (448 SE2d 71) (1994). "In fact, [Rakestraw's] claim against [Scott] for

---

[1] OCGA § 9-2-5 (a) prohibits the prosecution of two actions at the same time for the same cause of action and against the same party.

[contribution] did not accrue and could not have been asserted until [Margaret Scott] filed the [superior court action]." Id. at 417.

Relying on *Fowler v. Vineyard*, 261 Ga. 454 (405 SE2d 678) (1991), Scott also argues that Rakestraw's contribution claim is barred by res judicata. In *Fowler*, one of the defendants, Vineyard, filed a contribution cross-claim against co-defendants Fowler and Georgia Hi-Lift during the original litigation. Vineyard subsequently dismissed with prejudice his cross-claims against his co-defendants, but later filed a personal injury action against those same parties. Our Supreme Court held that under these circumstances, Vineyard's personal injury claim was precluded by res judicata because he failed to assert it when he sought affirmative relief, i.e., asserted his contribution cross-claims, in the original action. And the Court specifically rejected Vineyard's argument that applying res judicata to bar his personal injury claim had the improper effect of making it a compulsory cross-claim and noted that it had previously held that res judicata bars a party who forgoes an opportunity to file a permissive cross-claim from bringing the claim in a subsequent action. Id. at 459 (5). Scott argues that pursuant to the holding in *Fowler,* Rakestraw's failure to assert his contribution claim in the magistrate court action where he sought affirmative relief for the damage to his vehicle resulted in the contribution claim being barred by res judicata.

We reject the contention that *Fowler v. Vineyard* is controlling here. Both this court and our Supreme Court have made clear that contribution claims are separate and distinct from the claims asserted in the underlying litigation, and that they are not extinguished by release, dismissal, or judgment in the underlying litigation and are not barred by failure to assert them in the underlying litigation. For example, in *Marchman & Sons, Inc. v. Nelson*, 251 Ga. 475 (306 SE2d 290) (1983), the plaintiff negotiated a settlement with seven of ten named defendants and dismissed the suit with prejudice. Two of the defendants who participated in the settlement then brought suit against two of the defendants who did not. Our Supreme Court considered and rejected the contention that the dismissal with prejudice of the underlying litigation barred the subsequent action for contribution between the joint tortfeasors. The Court concluded:

> Our statute recognizes the continuing existence of the right of contribution against a joint tortfeasor who has been released. It recognizes the existence of the right of contribution where there is no judgment at all in the underlying suit, and even where there is no underlying suit filed. Thus, the right of contribution arises out of, but exists separately from, the rights present in the underlying suit. We hold that the dismissal with prejudice of the underlying suit is not a

bar to an action for contribution by one joint tortfeasor [with] another joint tortfeasor.

(Footnote omitted.) Id. at 477-478.

Moreover, this court has previously addressed the precise issue of whether a claim for contribution is precluded by res judicata if not asserted by way of counterclaim or cross-claim in the underlying litigation. In *Tenneco Oil Co. v. Templin*, 201 Ga. App. 30 (410 SE2d 154) (1991), plaintiffs Douglas Bullman and his passenger, who subsequently became his wife, brought suit against defendants Tenneco Oil, Templin, and several others for injuries they allegedly received in an automobile collision. Templin filed a counterclaim for contribution against Bullman, but Tenneco did not. Judgment was entered for the plaintiffs, but no damages were awarded to Bullman. After judgment was rendered, Tenneco filed a claim for contribution against Bullman and Templin. This court rejected Bullman's and Templin's claim that Tenneco was barred by res judicata from maintaining its separate action for contribution and held that a claim for contribution does not have to be brought as either a counterclaim or a cross-claim to the original action, but instead may be brought by filing a separate action after judgment has been entered in the original tort action. Moreover, not only did we reject the argument that asserting the contribution claim was compulsory, we questioned whether a claim for contribution was even permitted until after judgment was rendered in the main action. However, after considering prior Georgia and federal case law, we held that:

A party may choose to pursue a claim for contribution in the underlying tort action but may not be limited to bringing it in that manner because the permission to have contribution is absolutely unrestricted. We cannot say that a party who chooses not to assert his or her claim for contribution as a counterclaim [or cross-claim] is barred from bringing a separate suit for contribution after a judgment has been entered in the original tort action.

(Citation and punctuation omitted.) Id. at 34 (1). See also *State Farm Fire &c. Co. v. American Hardware Mut. Ins. Co.*, 224 Ga. App. 789, 794 (4) (a) (482 SE2d 714) (1997) ("[t]he fact that none of the defendants in the underlying tort suit filed cross-claims against each other for indemnity also does not operate to preclude the filing of such claims after dismissal of the tort action"); *Johnson &c. Constr. Co. v. Bing*, 220 Ga. App. 179, 180 (1) (469 SE2d 697) (1996) ("[i]t is therefore not requisite to a joint tortfeasor's right of contribution that he file cross-claims against another joint tortfeasor in an underlying suit").

Although he does not cite *Tenneco* in his brief on appeal, Scott would obviously have us modify that holding to compel the assertion of contribution claims in any litigation where other claims are asserted between alleged joint tortfeasors. We decline to adopt that position. Assertion of other claims does not alter a joint tortfeasor's separate, distinct, and unrestricted right to contribution and does not compel him to assert his contribution claim with those other claims. It follows, therefore, that the trial court properly rejected Scott's contention that Rakestraw's contribution claim was barred by res judicata.

2. We also reject Scott's argument that the superior court was required to find against Rakestraw on his contribution claim because he was the losing party on both his property loss claim and Scott's personal injury claim in magistrate court. In *Tenneco,* judgment had been entered in favor of one of the parties who was subsequently sued as a joint tortfeasor in the contribution action. Moreover, although the magistrate court found "in fact, the defendant [Rakestraw] was negligent," it also found that "the plaintiff [Scott] was also negligent to a certain extent." The superior court was thus authorized to conclude that Scott and Rakestraw were in fact joint tortfeasors and that Rakestraw was entitled to judgment on his contribution claim against Scott.

*Judgment affirmed. Blackburn, C. J., and Mikell, J., concur.*

DECIDED NOVEMBER 13, 2001.

*Downey & Cleveland, George L. Welborn*, for appellant.
*Michael L. Wetzel*, for appellee.

