## A09A0114. GREENHORNE & O'MARA, INC. v. CITY OF ATLANTA.

(679 SE2d 818)

DOYLE, Judge.

Greenhorne & O'Mara, Inc. ("Greenhorne"), an engineering firm, appeals the grant of summary judgment to the City of Atlanta as to Greenhorne's contribution claim against the City in connection with a flooding sewer system designed by Greenhorne. Because the trial court correctly concluded that Greenhorne's claim was barred by a prior adjudication of the City's liability, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

The undisputed record shows that residents of a newly-built loft condominium complex experienced repeated flooding of raw sewage into their parking garage, and, in August 2003, they sued the City, Greenhorne, and other defendants. Their complaint alleged several claims including professional negligence on the part of Greenhorne (for poorly designing the loft's sewer system) and nuisance on the part of the City (for maintaining a defective sewer system that repeatedly flooded the property).

In September 2004, the trial court granted the City's motion for summary judgment in a final judgment on that issue on the ground that the City was not responsible for maintaining a nuisance at the site because the sewer lines were not properly dedicated to the City as required by the City code. In that order, the trial court entered final judgment pursuant to OCGA § 9-11-54 (b) "in favor of the City of Atlanta and against [the loft] plaintiffs on all of their claims for nuisance." That order was not appealed. Instead, Greenhorne later moved for leave to file a cross-claim against the City for contribution. In light of the prior unappealed final order granting the City's motion for summary judgment as to all of the plaintiffs' nuisance claims against the City, the trial court denied Greenhorne's motion in a January 2006 order ruling that Greenhorne could "not sustain a cross-claim against the City." The case proceeded to trial, resulting in a verdict in favor of the plaintiffs. Greenhorne subsequently

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

settled that dispute in lieu of an appeal.

In November 2007, Greenhorne filed suit against the City seeking contribution based on a nuisance theory.[2] In July 2008, the trial court granted the City's motion for summary judgment on res judicata grounds. This appeal followed.

Greenhorne challenges the trial court's application of the res judicata doctrine to its contribution claim, relying on *Scott v. Rakestraw*[3] and arguing that a contribution claim is never a compulsory cross-claim that must be asserted in an underlying action:

> [C]ontribution claims are separate and distinct from the claims asserted in the underlying litigation, and . . . they are not extinguished by release, dismissal, or judgment in the underlying litigation and are not barred by failure to assert them in the underlying litigation. . . . A party may choose to pursue a claim for contribution in the underlying tort action but may not be limited to bringing it in that manner because the permission to have contribution is absolutely unrestricted.[4]

While this is an accurate statement of the law, it does not fully address the procedural scenario presented here, where the nonliability of the co-defendant and alleged joint tortfeasor (the City) already had been adjudicated on the merits in the underlying action.

Here, Greenhorne's claim against the City was one for contribution, which was necessarily premised on the City's status as a joint tortfeasor with liability to the loft plaintiffs. "The right to contribution relates only to joint *tortfeasors*, and where the proposed defendant *cannot* be made liable as a joint tortfeasor, the contribution action does not state a claim."[5] Thus, Greenhorne's contribution claim was dependent on the City's nuisance liability to the original

---

[2] See OCGA § 51-12-32 (a) ("[w]ithout the necessity of being charged by action or judgment, the right of a joint trespasser to contribution from another or others shall continue unabated and shall not be lost or prejudiced by compromise and settlement of a claim or claims for injury to person . . . and release therefrom"); *Hyde v. Klar*, 168 Ga. App. 64, 65 (308 SE2d 190) (1983) (" 'joint trespasser' is synonymous with 'joint tortfeasor' ") (citation omitted).

[3] 252 Ga. App. 408 (556 SE2d 492) (2001).

[4] Id. at 409-410 (1).

[5] (Footnote omitted; emphasis supplied.) *State Auto Mut. Ins. Co. v. Relocation & Corporate Housing Svcs.*, 287 Ga. App. 575, 576 (1) (651 SE2d 829) (2007). See also *Ga. Ports Auth. v. Andre &c. Co.*, 262 Ga. App. 591, 596 (5) (a) (585 SE2d 883) (2003) ("[a]n alleged joint tortfeasor who cannot be held liable on the underlying tort claim cannot be held liable for contribution or indemnity") (footnote omitted), rev'd on other grounds, *Hines v. Ga. Ports Auth.*, 278 Ga. 631 (604 SE2d 189) (2004); *Southern R. Co. v. Brewer*, 122 Ga. App. 292, 293 (176 SE2d 665) (1970) (where proposed joint tortfeasor was not subject to suit by original plaintiff for tort liability, defendant could not maintain contribution action against proposed joint tortfeasor).

plaintiff — here, the loft residents — and because the City's liability had been adjudicated in its favor in the prior action, Greenhorne cannot maintain a contribution action based on that alleged tort liability.[6]

Moreover, "[a] co-defendant in a tort action, as a general rule, is deemed to have standing to appeal the grant of summary judgment to another co-defendant against whom he asserts a right of contribution."[7] Once the trial court in the underlying action issued its final ruling on the merits that the City was not liable for the alleged nuisance as alleged in the loft plaintiff's complaint, that ruling,

> however erroneous or irregular, [was] binding until set aside. . . . If [Greenhorne] was dissatisfied with the court's finding that [the City was not liable for maintaining a nuisance], it should have challenged the judgment as permitted by law. It cannot deny the force or effect of the court's prior judgment by filing a contribution action against its former co-defendant[ ].[8]

Greenhorne appealed neither the grant of summary judgment to the City as to nuisance nor the trial court's ruling that it could not file a cross-claim predicated on nuisance. Accordingly, because of the prior adjudication of those issues, Greenhorne is barred from asserting those issues in a new claim for contribution here.

Greenhorne's argument that its contribution claim was factually different from the loft plaintiffs' does not change this result.[9] A comparison of the loft plaintiffs' nuisance claims with Greenhorne's nuisance-based contribution claim demonstrates that both claims encompassed the same essential issue, i.e., the City's liability in nuisance for causing sewage flooding at the lofts. In the underlying complaint, the loft plaintiffs alleged:

> The City "had a duty to maintain the sewer system that services" the lofts;

---

[6] See *State Auto Mut. Ins. Co.*, 287 Ga. App. at 576 (1); *City of Albany v. Pippin*, 269 Ga. App. 22, 25 (602 SE2d 911) (2004) ("one tortfeasor can obtain contribution from the other only if both were legally liable to the plaintiff . . .") (citation, punctuation and footnote omitted).

[7] *Nat. Foundation Co. v. Post &c. Jernigan, Inc.*, 219 Ga. App. 431, 433 (1) (465 SE2d 726) (1995).

[8] (Footnotes omitted.) *State Auto Mut. Ins. Co.*, 287 Ga. App. at 577 (1).

[9] Greenhorne argues that the loft plaintiffs' claim focused solely on the sewer lines directly beneath the loft, while its claim focuses on the failure to maintain sewer lines downstream from the loft property.

> The City's "failure to properly maintain the sewer system that services [the lofts] has resulted in the continuing nuisance of sewage flooding at [the lofts]";
>
> The City "has undertaken to maintain the sewage system which serves the Plaintiffs' property"; and
>
> "The repeated flooding . . . constitutes a continuing abatable nuisance for which the City of Atlanta is liable to Plaintiffs."

In the prior litigation, the City moved for summary judgment on the merits of these allegations, i.e., whether the City was liable under a theory of nuisance for the flooding caused by the inadequate sewer system serving the lofts. The trial court granted summary judgment to the City in a final order adjudicating "all of [the loft plaintiffs'] claims for nuisance," which were sufficiently broad as to encompass Greenhorne's subsequent allegation that the City was still somehow liable to Greenhorne in a contribution claim based on a nuisance theory.[10]

As a final matter, we note that Greenhorne's reliance on *Scott v. Rakestraw*,[11] *Marchman & Sons, Inc. v. Nelson*,[12] and *Tenneco Oil Co. v. Templin*,[13] is misplaced in this case. Those cases do not address the issue of whether a prior judgment on the merits was dispositive of the issue determined.

Scott involved a prior claim that was "not identical" to the subsequent contribution claim and addressed the issue of "whether a claim for contribution is precluded by res judicata if not asserted by way of counterclaim or cross-claim in the underlying litigation."[14] This does not control the present case because the precise issue of the City's liability for nuisance already was adjudicated on the merits.

Also distinct from the present scenario, *Marchman* addressed the effect of a dismissal with prejudice (not a final determination of an issue on the merits), and explained that a contribution claim can

---

[10] To the extent Greenhorne argues otherwise, it asserts a separate claim against the City not cognizable in its contribution claim. As stated above, any contribution claim was necessarily premised on the City's liability to the original plaintiffs as a joint tortfeasor. As the City's liability to the original plaintiff was adjudicated in the prior action, that issue is not subject to relitigation in a subsequent action.

[11] 252 Ga. App. at 409-410 (1).

[12] 251 Ga. 475 (306 SE2d 290) (1983).

[13] 201 Ga. App. 30 (410 SE2d 154) (1991).

[14] *Scott*, 252 Ga. App. at 408, 410 (1).

follow such a disposition.[15] Thus, because *Marchman* addressed an alleged tortfeasor who had been *released* pursuant to a dismissal with prejudice, as opposed to one granted judgment based on a final, merit-based determination of nonliability, it does not control this case.

Likewise, *Tenneco Oil Co.* addressed a joint tortfeasor's ability to bring a contribution claim against a co-defendant and a partially negligent plaintiff.[16] In the underlying tort claim, both the co-defendant and the partially negligent plaintiff were found to have engaged in some negligence.[17] Accordingly, this Court ruled that a subsequent action for contribution by the joint tortfeasor was not barred. Here, however, there was a prior ruling in the underlying lawsuit that Greenhorne's co-defendant (the City) was not liable for the very tort asserted in the contribution claim. Therefore, *Tenneco Oil Co.* is inapposite to the scenario before us.[18]

Therefore, in light of the prior adjudication of the City's non-liability for nuisance, the trial court correctly concluded that Greenhorne's contribution claim based on nuisance was barred.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED JUNE 9, 2009 ▮▮▮▮▮▮▮▮

*Carlock, Copeland & Stair, Gregory H. Wheeler, Broderick W. Harrell,* for appellant.

*Robert N. Godfrey,* for appellee.

---

[15] *Marchman & Sons, Inc.,* 251 Ga. at 477.
[16] See *Tenneco Oil Co.,* 201 Ga. App. at 30.
[17] See id.
[18] See id. at 35.
[1] OCGA § 16-11-37 (d) (2).
[2] OCGA § 16-5-21 (a) (2).