## 56215. CUMBIE v. CUMBIE.

DEEN, Presiding Judge.

1. Flash Petroleum Company obtained a judgment against the Cumbies jointly for $4,000.64 including costs, plus interest. Thereafter it levied on a check belonging to C. L. Cumbie and, after certain attorney fees were deducted by agreement, accepted the remaining $2,261.75 as full satisfaction of the judgment. Thereafter C. L. Cumbie brought this action against the appellant L. H. Cumbie for contribution. Appellee has moved to transfer the case to the Supreme Court on the ground that it is a suit in equity. Code § 105-2012 (2) (Ga. L. 1966, p. 433) provides: "If judgment is entered jointly against several trespassers, and is paid off by one, the others shall be liable to him for contribution." The remedy is one at law, and the motion to transfer (made in the form of a motion to dismiss) is denied.

2. The only question raised by this appeal is the amount owing by L. H. Cumbie to C. L. Cumbie. Appellant contends that C. L. Cumbie owed half of the $4,000.64 judgment plus $576.71 costs which would be $4,577.35 and since he is only out $2,261.75, which is less than one-half the total judgment, he has lost nothing and has no right to demand contribution.

The appellee contends, on the contrary, that the judgment was settled for a total of $2,261.75, which he paid, and he is entitled to be reimbursed for one-half of this amount.

We agree with the appellee. "Where less than the amount of an execution is received from one of joint defendants therein, under an agreement made or authorized by the plaintiff that the payment thus received shall relieve that defendant from further liability, the agreement will discharge the other defendants. . ." *Swicord v. Waxelbaum,* 23 Ga. App. 297 (1) (97 SE 891) (1918). Here, of course, the judgment plaintiff expressly approved the amount of the levy coming to it as a full settlement. These acts have the legal effect of reducing the original judgment to the amount paid for all intents and purposes, and that amount becomes the sum as to which all other codefendants are liable for their aliquot

share. In *Miller v. Perkerson,* 128 Ga. 465 (3) (57 SE 787) (1907) it was held (under former law requiring a written transfer of an execution to those paying it off), that a codefendant "would be entitled to share the favorable settlement made by the transferees with the common creditor." Here C. L. Cumbie, with whom the common creditor made a favorable settlement, is entitled to reimbursement of one-half of the compromise amount only and L. H. Cumbie, on the other hand, is entitled to have the amount of contribution owing by him diminished from one-half of the original judgment to one-half of the appellee's compromise settlement.

The appellee's motion for summary judgment was properly granted.

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED JUNE 29, 1978 — DECIDED JULY 13, 1978.

*Moore & McLaughlin, James B. McLaughlin, Jr.,* for appellant.

*Hubert E. Hamilton, III,* for appellee.