A90A1214. UNITED STATES FIDELITY & GUARANTY COMPANY v. SAYLER MARINE CORPORATION.
(397 SE2d 188)

POPE, Judge.

Plaintiff is the liability insurance carrier for Ring Power Corporation. Ring leased a tractor to defendant Sayler Marine Corporation. An employee of Sayler Marine was injured while using the leased

tractor and filed a negligence action against Ring. Plaintiff, on behalf of its insured, settled the claim in exchange for a release agreement from the injured employee and his wife. Plaintiff filed this action against Sayler Marine seeking indemnity for all sums paid in the settlement, plus attorney fees expended in defending the negligence action, pursuant to the indemnity clause in the lease between plaintiff's insured and Sayler Marine. The trial court granted Sayler Marine's motion for summary judgment and plaintiff appeals.

In its order, the trial court ruled that although the indemnity clause contained in the lease was not sufficiently specific to require Sayler Marine to indemnify plaintiff's insured for the insured's sole negligence, it was sufficient to require indemnification for damages resulting from the negligence of both the indemnitor (Sayler Marine) and the indemnitee (the insured). Nevertheless, the trial court ruled that by settling the claim, plaintiff admitted that its insured bore all liability for the injuries alleged in the claim so that, pursuant to the holding in *Georgia State Telephone Co. v. Scarboro*, 148 Ga. App. 390 (251 SE2d 309) (1978), plaintiff was precluded from seeking indemnity from Sayler Marine.

The reason this court held that the indemnitee in *Georgia State Telephone Co.* had admitted its sole liability for the claim asserted against it was because it had entered into a consent judgment in the underlying tort action. Here, the indemnitee did not admit liability by settling the underlying tort claim and therefore did not prejudice its right to seek indemnity from its indemnitor. "By the enactment of [OCGA § 51-12-32 (c)] . . . the Legislature has expressly permitted a party to compromise or settle a claim in lieu of a lawsuit or judgment against that party without prejudicing that party's right to seek indemnity from another." *Ranger Constr. Co. v. Robertshaw Controls Co.*, 158 Ga. App. 179, 181-182 (279 SE2d 477) (1981). "[T]he right of indemnification is not lost or prejudiced by settlement or compromise of a claim." *Randall v. Norton*, 192 Ga. App. 734, 737 (386 SE2d 518) (1989). Thus, the trial court erred in granting Sayler Marine's motion for summary judgment.

*Judgment reversed. Deen, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 11, 1990.

*Barrow, Sims, Morrow & Lee, A. Mark Lee*, for appellant.
*Painter, Ratterree, Connolly & Bart, James L. Elliott*, for appellee.