## A93A2133. KRASAEATH v. PARKER.
(441 SE2d 868)

BEASLEY, Presiding Judge.

Interlocutory review is given to the denial of Krasaeath's motion to dismiss plaintiff's complaint, made on the basis that the action is in essence one for medical malpractice. At issue is whether the action is maintainable under a twenty-year statute of limitation for actions for contribution between joint tortfeasors, OCGA §§ 51-12-32 and 23-2-71, or whether it is barred by the five-year statute of repose for medical malpractice actions, OCGA § 9-3-73. In this case of first impression, we hold that the latter statute bars plaintiff's claim.

Plaintiff sought contribution based on an earlier medical malpractice action she filed on August 26, 1988. It was alleged that plaintiff's decedent (her son) presented at Meadows Memorial Hospital on September 3, 1986, complaining of chest pain and shortness of breath. He was evaluated by emergency room physician Martin. Chest x-rays were ordered and were interpreted as normal by appellant Dr. Krasaeath, a radiologist. The patient was discharged from the hospital but returned two days later and was found to have a pulmonary embolus, from which he died.

Dr. Martin, but not Dr. Krasaeath, was among the multiple defendants named in that medical malpractice action. On September 26, 1990, Ms. Parker settled with Dr. Martin for $325,000 and obtained an assignment of his right of contribution.

On May 5, 1992, more than five years and eight months after the treatment of her son, Ms. Parker as assignee of Dr. Martin filed the present "complaint for contribution," naming Dr. Krasaeath and his insurer as party defendants. The insurance carrier was voluntarily dismissed by consent order. The complaint alleged that Dr. Krasaeath "was negligent and fell below the standard of care required of physicians generally in connection with his care and treatment of [the decedent], in particular, his interpretation of x-ray studies," and that

his negligence proximately resulted in the decedent's injuries and death. An OCGA § 9-11-9.1 expert's affidavit was filed with the complaint, according to plaintiff, "out of an abundance of caution."

1. As is evident in the complaint, the claim for contribution is predicated upon proof that Dr. Krasaeath was a joint tortfeasor along with Dr. Martin in acts of negligence relating to plaintiff's decedent. His liability for contribution depends solely on whether he was negligent in his professional capacity. "Contribution exists between joint wrongdoers whose several acts of negligence combine to injure the plaintiff." *Travelers Indem. Co. v. Liberty Loan Corp. of Poplar*, 140 Ga. App. 458 (231 SE2d 399) (1976).

A claim for contribution may be brought as a separate independent suit after a judgment is entered in the underlying tort action, *Tenneco Oil Co. v. Templin*, 201 Ga. App. 30 (1) (410 SE2d 154) (1991), and it is not required that the party against whom contribution is sought was named in the original action, OCGA § 51-12-32. The 20-year statute of limitation for contribution actions is governed by OCGA § 9-3-22. See *Independent Mfg. Co. v. Auto. Products*, 141 Ga. App. 518 (1) (233 SE2d 874) (1977) and *Champion v. Wells*, 139 Ga. App. 759, 762 (229 SE2d 479) (1976), both decided under the predecessor to OCGA § 9-3-22.

"In 1985, the legislature enacted a five-year statute of repose for medical malpractice cases. In pertinent part it reads: 'Notwithstanding (the two-year statute of limitation), in no event may an action for medical malpractice be brought more than five years after the date on which the negligent or wrongful act or omission occurred.' OCGA § 9-3-71 (b). Subsection (c) of the same statute goes further and provides: 'Subsection (b) of this Code section is intended to create a five-year statute of ultimate repose and abrogation.' OCGA § 9-3-71 (c)." (Indentions omitted.) *Wright v. Robinson*, 262 Ga. 844, 845 (1) (426 SE2d 870) (1993).

The legislative intent is explained in OCGA § 9-3-73 (f): "The findings of the General Assembly under this Code section include, without limitation, that a reasonable relationship exists between the provisions, goals, and classifications of this Code section and the rational, legitimate state objectives of providing quality health care, assuring the availability of physicians, preventing the curtailment of medical services, stabilizing insurance and medical costs, . . . and providing for the public safety, health, and welfare as a whole."

*Hill v. Fordham*, 186 Ga. App. 354, 357 (2) (367 SE2d 128) (1988), distinguishes between statutes of limitation and repose: "A statute of limitation is a procedural rule limiting the time in which a party may bring an action for a right which has already accrued. A statute of ultimate repose delineates a time period in which a right may accrue. If the injury occurs outside that period, it is not actiona-

ble. [Cit.] . . . A statute of ultimate repose sets an ultimate limit on which injuries shall be actionable."

When faced in other situations with issues of whether a statutory right of recovery must yield to a statute of repose, our courts have held that the ultimate statute of repose prevails. In *Hatcher v. Allied Products Corp.*, 256 Ga. 100 (1) (344 SE2d 418) (1986), the Court determined that a ten-year statute of repose applicable to products liability actions served as a complete bar to an action regardless of any applicable statutes of limitation. In *Siler v. Block*, 263 Ga. 257 (429 SE2d 523) (1993), the statute of repose barred the refiling of a medical malpractice claim which would otherwise have been allowed within the renewal provision of OCGA § 9-2-61. Likewise, *Wright*, supra, held that the expiration of the medical malpractice statute of repose bars renewal of a claim under OCGA § 9-2-61. The Court reasoned: "Both logic and the plain language of the statutes lead us to conclude that the legislature never intended for the dismissal and renewal statutes to overcome the statute of repose." Id. at 846.

The same logic applies here. Although the claim is couched as one for contribution, and but for the statute of repose would have been timely, substance prevails over form. Recovery is predicated on proof of Dr. Krasaeath's professional negligence. The statute of repose specifies that "in no event" may a claim for medical malpractice be brought more than five years after the negligent act or omission occurred. Recovery could have been sought against Dr. Krasaeath at various times in this litigation: as a defendant in the original action; by impleading him as a third-party defendant in that suit under OCGA § 9-11-14 (a); in a separate action for contribution brought by Ms. Parker after settlement with Dr. Martin and within the five-year statute of repose. Plaintiff cannot be permitted to do indirectly what the law does not permit her to do directly. That is, she cannot in effect hold Dr. Krasaeath liable for professional negligence through a dilatory third-party action for contribution. Logic and fairness dictate the conclusion that the present claim came too late.

2. It is unnecessary to reach appellant's laches defense.

*Judgment reversed. Cooper and Smith, JJ., concur.*

DECIDED FEBRUARY 28, 1994 —
RECONSIDERATION DENIED MARCH 23, 1994 —

*Sullivan, Hall, Booth & Smith, John E. Hall, Jr., T. Andrew Graham*, for appellant.

*Bennett, Callahan & Schloegel, Michael T. Bennett, Jennifer T.*

*Schloegel, Edward J. Walsh, Hugh B. McNatt*, for appellee.