A94A1869. GWINNETT PLACE ASSOCIATES, L.P. v. PHARR ENGINEERING, INC. et al.
(449 SE2d 889)

SMITH, Judge.

Lillian Manley and her husband filed suit against Gwinnett Place Associates, L.P. d/b/a Gwinnett Place Mall, to recover damages for injuries incurred when Lillian Manley fell on a ramp located outside one of the mall restaurants.[1] After considerable discovery, Gwinnett Place filed a third-party complaint against Pharr Engineering, Inc., the engineering firm responsible for designing and constructing the

---

[1] The complaint was originally filed against JMB Property Managers, Inc. d/b/a Gwinnett Place Mall, and later amended to reflect the correct name of the defendant.

parking lot and curbs at the mall; RTKL Associates, the architectural firm responsible for the overall design of the mall, including sidewalks, ramps, and outside lighting; and Hoar Construction, Inc., the general contractor responsible for installation of the sidewalks and ramps.

In the third-party complaint, Gwinnett Place alleged that in the event it was held liable to the Manleys for reasons relating to the design and/or construction of the handicap ramp, then it was entitled to contribution or indemnification from the third-party defendants. The trial court granted the motions of the third-party defendants for summary judgment, and Gwinnett Place appeals.

1. One ground on which the trial court based its grant of summary judgment to all three third-party defendants is that the third-party complaint was barred by OCGA § 9-3-51 (a), the statute of ultimate repose.[2] That statute provides, in pertinent part, that no action for damages for injury to the person based upon "any deficiency in the . . . planning, design, specifications, supervision or observation of construction, or construction of an improvement to real property" may be brought against those responsible for designing, planning, supervising construction, or constructing such improvement more than eight years after "substantial completion" of the improvement.

It is undisputed that the construction of Gwinnett Place Mall was "substantially completed" no later than February 1984, and that the third-party complaint was filed on September 24, 1993, more than eight years after the date of substantial completion.

(a) Gwinnett Place first contends that its third-party complaint is is not an "action" covered under OCGA § 9-3-51 because it is an action for indemnification rather than for injury to person or property. In support of this argument, Gwinnett Place relies on an Indiana case, *South Dearborn School Bldg. Corp. v. Duerstock*, 612 NE2d 203 (Ind. App. 1993), in which a statute of repose similar to OCGA § 9-3-51 was held inapplicable to a third-party claim for indemnity. We find *Duerstock* distinguished on its facts, because it involved a written contract for indemnification, whereas this case does not; here, only common law indemnity is involved.

We have been unable to find a Georgia decision addressing this precise issue. However, we find helpful and persuasive *Krasaeath v. Parker*, 212 Ga. App. 525 (441 SE2d 868) (1994), a recent decision of

---

[2] A statute of ultimate repose limits absolutely the time during which a party may bring an action, regardless of when the cause of action accrues. It is distinguished from a statute of limitation, which is a procedural rule delineating a time period measured from the accrual of the right of action during which a party must bring an action. *Krasaeath v. Parker*, 212 Ga. App. 525, 526-527 (441 SE2d 868) (1994); see *Wright v. Robinson*, 262 Ga. 844, 845 (426 SE2d 870) (1993).

this court applying a similar statute of repose. In *Krasaeath*, one of several named defendants in a medical malpractice action settled with the plaintiff. He assigned to her his right of contribution from an unnamed joint tortfeasor, and the plaintiff later brought an action for contribution against the joint tortfeasor. In a case of first impression, this court held that although "couched as one for contribution," id. at 527, the claim against the joint tortfeasor was within the contemplation of the statute of repose applicable to medical malpractice claims, OCGA § 9-3-71 (b). This court reasoned that because recovery on the contribution claim was dependent upon proof of professional negligence on the part of the joint tortfeasor, it was both logical and fair to apply the statute of repose for medical malpractice. Otherwise, the plaintiff would be allowed, in essence, to bring an untimely and dilatory action for professional negligence. Because plaintiff brought the claim more than five years after the date on which the negligent act occurred, it was therefore barred. Id. at 526-527.

We are persuaded as well by the reasoning in decisions in other jurisdictions considering the issue presented here, holding that statutes of repose similar to OCGA § 9-3-51 bar third-party claims for indemnity. See, e.g., *Agus v. Future Chattanooga Dev. Corp.*, 358 FSupp. 246 (E. D. Tenn. 1973) (statute of repose bars untimely third-party indemnity action brought by owner of apartment building against architects, engineers, and general contractor of building); *Nevada Lakeshore Co. v. Diamond Elec.*, 511 P2d 113 (Nev. 1973) (statute of repose bars untimely third-party claim for indemnification brought by owner of apartment complex against swimming pool designer and installer).

These decisions all defer to the legislature's intent, in enacting statutes of ultimate repose, to establish a reasonable outside time limit beyond which architects, engineers, and contractors are insulated from suit based upon their work in constructing improvements to real estate. See generally *Benning Constr. Co. v. Lakeshore Plaza Enterprises*, 240 Ga. 426, 427-428 (241 SE2d 184) (1977). Without such protection, such persons would be exposed to liability for many years after losing control over the improvements and their use and maintenance. *Nevada Lakeshore*, supra, 511 P2d at 114 (1). Allowing a claim for indemnification under these circumstances would indirectly thwart the intention of the legislature. We hold, therefore, that despite being couched in terms of indemnification, this claim, like the contribution claim in *Krasaeath*, supra, is within the contemplation of the statute of repose.

(b) Gwinnett Place contends alternatively that even if its claim is covered under OCGA § 9-3-51, an exception is provided under subsection (b) of the statute that renders its complaint timely. We do not agree.

OCGA § 9-3-51 (b) provides that notwithstanding the eight-year absolute bar in subsection (a) of the statute, if an injury to property or the person occurs during the seventh or eighth year after substantial completion, "an action in tort to recover damages for such an injury or wrongful death may be brought within two years after the date on which such injury occurred, . . . but in no event . . . more than ten years after the substantial completion of construction of such an improvement."

Lillian Manley was injured on April 26, 1991, which was in the eighth year after substantial completion of the mall. The Manleys therefore were required to file their complaint by April 26, 1993. Their complaint was filed on July 15, 1992. Gwinnett Place filed its third-party complaint on September 24, 1993. Gwinnett Place appears to argue that because the plaintiffs' action was timely filed and Gwinnett Place filed its third-party complaint when it learned the specific contentions of the plaintiffs regarding the defective ramp, fairness dictates that its complaint should relate back to the date of the filing of the plaintiffs' action.

Gwinnett Place cites no authority for this contention, and we find no support for such a position in OCGA § 9-3-51 (b). Given our holding in Division 1 (a) that the third-party claim for indemnification is an "action" covered under OCGA § 9-3-51 (a), and in view of the fact that the third-party claim was not filed within two years of Lillian Manley's fall, as required by subsection (b), it was not timely filed. The trial court properly entered summary judgment in favor of the defendants based on OCGA § 9-3-51.

2. A trial court's judgment, right for any reason, will be affirmed. *Tillett Bros. Constr. Co. v. Dept. of Transp.*, 210 Ga. App. 84, 88 (435 SE2d 241) (1993). Because we hold that summary judgment was proper in favor of all third-party defendants on the ground that the third-party complaint was barred by the statute of ultimate repose, we need not consider Gwinnett Place's other enumeration addressed to the alternative ground relied upon by the trial court.

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 26, 1994.

*Greene, Buckley, Jones & McQueen, Frank C. Schenck,* for appellant.

*Shivers, Johnson & Wilson, Wayne C. Wilson, Kimberly A. Johnston, Drew, Eckl & Farnham, T. Bart Gary, Wasson, Sours & Harris, W. Hensell Harris, James G. Stewart,* for appellees.