## A02A2217. PILZER v. THE VIRGINIA INSURANCE RECIPROCAL.
### (580 SE2d 599)

SMITH, Chief Judge.

This appeal raises the issue of whether the five-year statute of repose for medical malpractice actions embodied at OCGA § 9-3-71 (b) operates to bar a contribution action brought by one joint tortfeasor against another joint tortfeasor, or whether the action was timely filed under OCGA § 9-3-22, which provides for a 20-year statute of limitation for contribution actions. See *Krasaeath v. Parker*, 212 Ga. App. 525, 526 (441 SE2d 868) (1994). We conclude that the facts of this case implicate the purposes underlying enactment of OCGA § 9-3-71 (b) and that those facts make appropriate our application of the five-year statute of repose. Because the evidence shows that the action was brought after expiration of that statute, we reverse the trial court's order granting summary judgment to The Virginia Insurance Reciprocal (TVIR), the party who brought the contribution action, and we direct the trial court to enter judgment in favor of the defendant-appellant, Dr. Ann Shear Pilzer.

1. Plaintiffs April Jones and Betty Kinney brought a medical malpractice action against Dr. Pilzer, Scottish Rite Children's Medical Center, and a nurse employed by the hospital. The case proceeded to trial, and the jury reached a verdict against Pilzer and Scottish Rite, with no apportionment of liability. The amended judgment entered on the jury's verdict, affirmed by this court in *Pilzer v. Jones*, 242 Ga. App. 198 (529 SE2d 205) (2000) (physical precedent only), was satisfied by a total payment to plaintiffs in the amount of $6,165,913.37. Pilzer paid a portion of the judgment, and TVIR, the insurer for Scottish Rite and its nurse, paid the remainder. Then, more than ten years after the date on which the plaintiff in the underlying medical malpractice action was injured, TVIR brought this action for contribution against Pilzer, alleging that she had not paid her one-half proportional share as a joint tortfeasor. Both parties moved for summary judgment. Among other things, Pilzer argued that the contribution action was barred by the five-year statute of repose for medical malpractice actions. The trial court granted summary judgment in favor of TVIR, ordering that TVIR recover $1,242,489.04 from Pilzer.

On appeal, Pilzer argues that this contribution claim was barred by OCGA § 9-3-71 (b). That subsection provides in part that "in no event may an action for medical malpractice be brought more than five years after the date on which the negligent or wrongful act or omission occurred." Id. TVIR argues, however, that its claim against Pilzer is not one for medical malpractice but instead is simply one for

contribution governed by the 20-year statute of limitation provided for by OCGA § 9-3-22.

In considering the issues raised by the parties, as in *Gwinnett Place Assoc. v. Pharr Engineering*, 215 Ga. App. 53, 54-55 (449 SE2d 889) (1994), we find the language in *Krasaeath*, supra, to be instructive. In *Krasaeath*, one of several defendants in a medical malpractice action settled with the plaintiff. That defendant assigned to the plaintiff his right of contribution from an unnamed joint tortfeasor, against whom the plaintiff brought an action for contribution. Even though the action in *Krasaeath* was "couched as one for contribution," id. at 527, we concluded that because recovery on the contribution claim depended on proof of the joint tortfeasor's professional negligence, "it was both logical and fair to apply the statute of repose for medical malpractice." *Gwinnett Place*, supra at 55. See also *Krasaeath*, supra at 527.

The facts of this case do differ somewhat from those in *Krasaeath*. Here, the subject of the contribution action is a judgment on a jury verdict, which was fully satisfied by TVIR as subrogee of one of the joint tortfeasors. The jury adjudicated Pilzer's liability in the underlying malpractice action, while the liability of the contribution defendant in *Krasaeath* was as yet undetermined when the contribution action was filed. But despite these differences, we conclude that the principles embodied in *Krasaeath* extend to the circumstances of this case.

Even though this action was brought after the medical malpractice plaintiffs obtained a judgment, Pilzer's liability for contribution nevertheless "depend[ed] solely on whether [she] was negligent in [her] professional capacity. Contribution exists between joint wrongdoers whose several acts of negligence combine to injure the plaintiff." (Citation and punctuation omitted.) *Krasaeath*, supra at 526. A contribution action is one for negligence, in which the plaintiff must show that the defendant is a tortfeasor and is liable to the plaintiff in the underlying action. *Dept. of Transp. v. Montgomery Tank Lines*, 276 Ga. 105, 107 (575 SE2d 487) (2003). Contrary to TVIR's argument, its contribution claim does " 'call into question' Dr. Pilzer's professional skills" and does "require proof that Dr. Pilzer's substandard medical care caused injury to her patient." It appears that proof by TVIR of Pilzer's negligence in this case would be relatively straightforward, given the jury verdict against her in the underlying medical malpractice case. But this fact does not change the character of the contribution action as one for negligence brought by one joint tortfeasor against another joint tortfeasor. The action was not brought within five years of the alleged negligent act or omission by Pilzer and therefore is barred by the statute of repose embodied at OCGA § 9-3-71 (b).

This conclusion comports with the legislative purpose underlying the five-year medical malpractice statute of repose. In addition to "eliminating stale claims," OCGA § 9-3-71 (b) is directed toward alleviating some of the difficulties insurers face in assessing premiums caused by "the nature of the practice of medicine," a practice that naturally produces "uncertainty over the causes of illness and injury." *Craven v. Lowndes County Hosp. Auth.*, 263 Ga. 657, 659 (1) (437 SE2d 308) (1993). The statute is intended to meet "legitimate state objectives of providing quality health care, assuring the availability of physicians, preventing the curtailment of medical services, stabilizing insurance and medical costs, preventing stale medical malpractice claims, and providing for the public safety, health, and welfare as a whole." OCGA § 9-3-73 (f).[1] See also *Krasaeath*, supra at 526.

Allowing a joint tortfeasor in a medical malpractice action to pursue a contribution action *20 years* after occurrence of the alleged negligence could well defeat these purposes. It is easily conceivable that application of the 20-year limitation period to cases like this could cause medical providers to fear protracted litigation and to reduce or eliminate their services. In consequence, physician availability could decrease, with a concomitant increase in medical costs. Conversely, application of the five-year statute of repose for medical malpractice claims helps to effectuate the statute's purpose of reducing "the uncertainties and costs related to malpractice litigation long after the medical services have been rendered." *Hanflik v. Ratchford*, 848 FSupp. 1539, 1546-1547 (N.D. Ga. 1994).

We note TVIR's argument that application of OCGA § 9-3-71 (b) in this manner constitutes a violation of equal protection. Although TVIR briefly made a similar argument in the trial court, the challenge was not ruled on by the trial court. Because TVIR did not secure a ruling on the constitutional issue, it was not preserved for appeal. *Focus Entertainment Intl. v. Bailey*, 256 Ga. App. 283, 284 (568 SE2d 183) (2002).

Because the contribution action filed by TVIR was barred by OCGA § 9-3-71 (b), the trial court's order granting summary judgment to TVIR and denying summary judgment to Pilzer is reversed with direction that the trial court enter judgment in Pilzer's favor.

2. In light of our holding in Division 1, we need not reach Pilzer's remaining enumeration of error.

*Judgment reversed. Eldridge and Ellington, JJ., concur.*

---

[1] OCGA § 9-3-73 applies "either to the applicable statutes of limitation or repose." OCGA § 9-3-71 (d).

DECIDED MARCH 19, 2003 —
RECONSIDERATION DENIED APRIL 7, 2003 — 

*Weinberg, Wheeler, Hudgins, Gunn & Dial, Earl W. Gunn, Ashley P. Nichols*, for appellant.
*Sell & Melton, Jeffrey B. Hanson, Mitchel P. House*, for appellee.