S03G1216. THE VIRGINIA INSURANCE RECIPROCAL
v. PILZER.
(599 SE2d 182)

BENHAM, Justice.

In a medical malpractice suit filed against Pilzer, Scottish Rite Children's Medical Center, and two employees of Scottish Rite in February 1993, a jury found Pilzer and one hospital employee negligent and entered an unapportioned verdict which resulted in an amended judgment for approximately $4.5 million against Pilzer and Scottish Rite jointly in July 1998. After the Court of Appeals affirmed that judgment (*Pilzer v. Jones*, 242 Ga. App. 198 (529 SE2d 205) (2000)), this Court denied certiorari. In September 2000, Pilzer paid her insurance policy limit of $1,000,000 (plus interest) and The Virginia Insurance Reciprocal (TVIR) paid the balance as insurer for Scottish Rite. In May 2001, TVIR filed a complaint for contribution against Pilzer and was awarded summary judgment for $1,242,489.04 in December 2001. The Court of Appeals reversed, holding the claim for contribution was precluded by the medical malpractice statute of repose, OCGA § 9-3-71 (b). *Pilzer v. The Virginia Ins. Reciprocal*, 260 Ga. App. 736 (580 SE2d 599) (2003). This Court granted certiorari, posing this question:

Does the medical malpractice statute of repose apply to a contribution action brought within the relevant statute of limitation, when the underlying malpractice suit has already resulted in a final judgment against both the plaintiff and the defendant in the contribution action?

The rationale of the Court of Appeals in reversing the grant of summary judgment to TVIR was that the contribution action is an action for negligence in which TVIR would have to prove Pilzer was a tortfeasor who was liable to the plaintiff in the underlying suit, and since recovery on the contribution claim would depend on proof of Pilzer's professional negligence, it would be logical and fair to apply the statute of repose for medical malpractice. That reasoning was based primarily on the decision of the Court of Appeals in *Krasaeath v. Parker*, 212 Ga. App. 525 (441 SE2d 868) (1994), and in part on its decision in *Gwinnett Place Assoc. v. Pharr Engineering*, 215 Ga. App. 53 (449 SE2d 889) (1994), and this Court's decision in *Dept. of Transp. v. Montgomery Tank Lines*, 276 Ga. 105 (575 SE2d 487) (2003).

Those cases differ from the present case in that this action is based on a judgment conclusively establishing joint tort liability whereas the cited cases were based on the alleged but undetermined joint tort liability of the defendants. Here, the plaintiff and the defendant in the contribution action were adjudicated to be joint tortfeasors in the underlying tort action while the defendants in the cited cases had not been, and the plaintiffs there were required to establish that the defendants were joint tortfeasors with the plaintiffs. The Court of Appeals recognized the difference between this case and those on which it relied in deciding this case, but discounted that difference based on its conclusion "that the principles embodied in *Krasaeath* extend to the circumstances of this case." *Pilzer v. The Virginia Ins. Reciprocal*, supra, 260 Ga. App. at 737. We find the difference so significant as to determine the outcome.

We disagree with the key rationale of the Court of Appeals' decision, that notwithstanding the entry of judgment in the medical malpractice case, "Pilzer's liability for contribution nevertheless 'depended solely on whether she was negligent in (her) professional capacity. . . .' [Cit.]" *Pilzer v. The Virginia Ins. Reciprocal*, supra, 260 Ga. App. at 737. In a claim for contribution based on a judgment, the tort liability has been established, so Pilzer's liability in this action depends not on proof she was negligent, but on the existence of the judgment against her and the payment by the plaintiff of more than the plaintiff's share. "Under [OCGA § 51-12-32 (b)], . . . it would appear that a defendant is entitled to contribution from his co-defendants when . . . two elements exist — that is, that the judgment has been entered against both and that it has actually been paid by one in an amount exceeding his pro rata share." *Powell v. Barker*, 96 Ga. App. 592 (1) (101 SE2d 113) (1957). See also *Union Camp Corp. v. Helmy*, 258 Ga. 263, fn. 1 (367 SE2d 796) (1988).

Since Pilzer's liability here does not depend on proof of her negligence, the rationale in *Krasaeath* for application of the medical malpractice statute of repose does not apply to this case. While the

policy considerations underlying the enactment of the medical malpractice statute of repose, considerations advanced by the Court of Appeals in support of its decision and relied upon by Pilzer and an amicus curiae in briefs filed in this Court, may apply to some degree to a physician's liability in a contribution action by a joint tortfeasor, the legislature did not make the statute applicable to contribution actions based on a judgment, but to medical malpractice actions. Because this is not a medical malpractice action or a contribution action in which the defendant's negligence must be established, the statute of repose in OCGA § 9-3-71 (b) does not apply. Accordingly, the judgment of the Court of Appeals holding otherwise must be reversed and the case returned to the Court of Appeals for further consideration in light of our holding.

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED JULY 12, 2004.

*Sell & Melton, Mitchel P. House, Jr., Jeffrey B. Hanson,* for appellant.

*Weinberg, Wheeler, Hudgins, Gunn & Dial, Earl W. Gunn, Ashley P. Nichols, Scott P. Kerew,* for appellee.

*David A. Cook, Owen, Gleaton, Egan, Jones & Sweeney, Roger E. Harris, Gretchen M. Holt, Mark D. Meliski, Deborah J. Winegard,* amici curiae.