### A02A2217. PILZER v. THE VIRGINIA INSURANCE RECIPROCAL.
(611 SE2d 706)

SMITH, Presiding Judge.

In *Pilzer v. The Virginia Ins. Reciprocal*, 260 Ga. App. 736 (580 SE2d 599) (2003), we concluded that the contribution plaintiff's contribution action was barred by the medical malpractice statute of repose. We reversed the trial court's order granting summary judgment to the contribution plaintiff, The Virginia Insurance Reciprocal (TVIR), and directed the trial court to enter judgment in favor of Ann Shear Pilzer, the defendant-appellant. Id. at 738. The Georgia Supreme Court reversed this judgment in *The Virginia Ins. Reciprocal v. Pilzer*, 278 Ga. 190 (599 SE2d 182) (2004). We therefore vacate our judgment and make the judgment of the Georgia Supreme Court the judgment of this Court.

We must now address Pilzer's remaining enumeration of error. She argues that TVIR's refusal to settle at a post-trial mediation was unreasonable and that under "principles of fairness and equity," she should be relieved from her duty of contribution. Contribution can be unavailable if the party seeking contribution previously settled or compromised a claim it was not legally compelled to pay. See generally *City of Albany v. Pippin*, 269 Ga. App. 22 (602 SE2d 911) (2004); *GAF Corp. v. Tolar Constr. Co.*, 246 Ga. 411 (271 SE2d 811) (1980). But TVIR did not settle the medical malpractice claim. Instead, it chose to defend the claim to a jury verdict. Pilzer has cited no law, and we have found none, showing that contribution is equally unavailable if the party seeking contribution made a tactical decision to proceed to trial rather than settle. Under OCGA § 51-12-32 (b), "[i]f judgment is entered jointly against several trespassers and is paid off by one of them, the others shall be liable to him for contribution." The principle embodied in this statute

> is equality in bearing a common burden. The general rule is that one who is compelled to pay or satisfy the whole or to bear more than his just share of a common burden or obligation, upon which several persons are equally liable or which they are bound to discharge, is entitled to contribution against the others to obtain from them payment of their respective shares. In other words, when any burden ought, from the relationship of the parties or in respect to property

held by them, to be equally borne ... contribution is due if one has been compelled to pay more than his share. The doctrine is not founded upon contract, but upon principles of equity, and assists in the fair and just division of losses, preventing unfairness and injustice.

(Citation and punctuation omitted.) *Horton v. Continental Cas. Co.*, 72 Ga. App. 594, 597 (1) (34 SE2d 605) (1945). TVIR paid more than its pro rata share of the judgment. Pilzer, a joint tortfeasor, paid less than her pro rata share. Principles of fairness and equity require us to conclude that TVIR is entitled to receive contribution from her. The trial court correctly granted summary judgment in favor of TVIR.

*Judgment affirmed. Ellington and Bernes, JJ., concur.*

DECIDED MARCH 7, 2005.

*Weinberg, Wheeler, Hudgins, Gunn & Dial, Earl W. Gunn, Ashley P. Nichols*, for appellant.

*Sell & Melton, Jeffrey B. Hanson, Mitchel P. House, Jr.*, for appellee.