## A05A1662. SUGGS v. HALE.
(629 SE2d 11)

RUFFIN, Chief Judge.

Ronald Suggs appeals the trial court's denial of his motion for summary judgment on Steven Hale's personal injury claim and his own counterclaim for contribution. We granted Suggs' application for interlocutory appeal and, for reasons that follow, we affirm in part and reverse in part.

We conduct a de novo review of the evidence in an appeal from a ruling on summary judgment.[1] A party is entitled to summary judgment only when no genuine issue of material fact exists and judgment as a matter of law is warranted.[2] In this case, the material facts are not in dispute. Suggs and Hale were involved in a vehicle collision on December 31, 2001, in which William Marchant, Jr., a passenger in Hale's vehicle, was killed. Suggs and Hale were both defendants in a wrongful death action on behalf of Marchant's heirs, which was settled and dismissed with prejudice. In that action, Suggs and Hale each alleged that the other was responsible for Marchant's death; nonetheless, both contributed to the settlement.[3]

Hale brought a separate action against Suggs to recover for injuries he sustained in the collision, and Suggs counterclaimed for contribution on the wrongful death settlement. Suggs then moved for summary judgment on both Hale's claim and his counterclaim, alleging that: (1) Hale's claim is barred by the doctrine of res judicata; and (2) he is entitled to contribution from Hale for the settlement payment as a matter of law because they were joint tortfeasors.

1. Suggs contends that Hale was required to assert any personal injury claim as a cross-claim in the wrongful death action and that res judicata bars Hale from asserting such claim now in a separate action. The doctrine of res judicata "provides that a judgment on the merits is conclusive as to all matters that were or could have been put in[to] controversy between identical parties or their privies in another cause of action."[4] The three requirements for a finding of res judicata are that:

[t]he first action must have involved an adjudication by a court of competent jurisdiction[;] . . . the two actions must

---

[1] See *Morris v. Britt*, 275 Ga. App. 293 (620 SE2d 422) (2005).

[2] See id. at 293-294.

[3] The settlement agreement was entered into by the insurers of Suggs and Hale, and indicated that the insureds did not consent to the settlement. However, the order approving the settlement was consented to by insurer-appointed counsel for both Suggs and Hale.

[4] *Majestic Homes, Inc. v. Sierra Dev. Corp.*, 211 Ga. App. 223, 225 (3) (438 SE2d 686) (1993). See also OCGA § 9-12-40.

have an identity of parties and subject matter[;] . . . and the party against whom the doctrine of res judicata is raised must have had a full and fair opportunity to litigate the issues in the first action.[5]

Accordingly, "[r]es judicata bars a party who forgoes an opportunity to file a permissive cross-claim from bringing the claim in a subsequent action."[6]

While Hale concedes that the parties and cause of action are identical in both cases, he argues that res judicata does not apply because there was neither a complete adjudication on the merits nor a full and fair opportunity to litigate the issues in the wrongful death action. We disagree. Contrary to Hale's assertion, a voluntary dismissal with prejudice is a judgment on the merits for purposes of res judicata.[7] And, while Hale contends that his counsel in the wrongful death action did not have authority to settle the case, he cannot challenge the validity of the judgment in this proceeding.[8] A judgment was entered and binds Hale for purposes of res judicata.[9]

Hale claims that he did not have a full and fair opportunity to litigate his personal injury claim in the wrongful death action because "it is clear that had he intervened in the first action, he would have been in a very hostile and unmanageable climate." Addressing a similar argument, our Supreme Court considered the following factors in determining whether a party who failed to bring a personal injury claim in previous litigation had a full and fair opportunity to do so: (1) whether the party "had employed his present attorney at the time of the first action, and could have had the attorney assert his personal injury claim in the first action";[10] (2) whether the party, who claimed he could not file his claim until the extent of his injuries was determined, could have brought his personal injury claim in the first action and "asked the court for a continuance to permit [him] to gain more information regarding the permanency of his injuries";[11] (3) whether the party could have moved the trial court to separate the

---

[5] (Citations omitted.) *Fowler v. Vineyard*, 261 Ga. 454, 455-456 (1) (405 SE2d 678) (1991).

[6] (Punctuation omitted.) *Majestic Homes*, supra.

[7] See *Fowler*, supra at 456 (2).

[8] See OCGA § 9-11-60 (setting forth proper procedure for seeking relief from judgment); see also *Sunn v. Mercury Marine*, 166 Ga. App. 567, 567-570 (1) (305 SE2d 6) (1983) (question of whether attorney had authority to settle case is one of fact for trial court which accepted settlement).

[9] See *Fowler*, supra.

[10] Id. at 459 (4).

[11] Id.

claims if any prejudice arose from trying all the claims together; and (4) whether the forum was a convenient one for the party.[12]

Here, all four of these factors favor a finding that Hale had a full and fair opportunity to litigate his personal injury claim in the wrongful death action. First, he employed his present attorney within two weeks of the collision, well before the wrongful death action was filed. Next, to the extent that Hale had ongoing medical expenses, he could have brought his claim and requested a continuance. Third, Hale could have moved to separate his claim if he believed he would be prejudiced by trying it together with the wrongful death claim. Finally, the forum was convenient to Hale, as both the wrongful death action and this action were filed in Berrien County. Accordingly, we conclude that, although he did not avail himself of it, Hale had a full and fair opportunity to litigate his personal injury claim in the wrongful death action.

Because Hale did not bring a cross-claim for his personal injuries in that action, res judicata bars him from bringing a separate claim now, and Suggs is entitled to summary judgment on Hale's personal injury claim.[13] Thus, the trial court erred in denying summary judgment on this issue.

2. Suggs argues that summary judgment is also appropriate on his counterclaim for contribution against Hale because they are equally liable as a matter of law for the amount paid to settle the wrongful death claim. Suggs contends that, since he paid $400,000 and Hale paid $32,500 to settle the wrongful death action, he is entitled to recover $183,750 from Hale. Although Hale contends that Suggs' contribution claim is barred by res judicata because he did not assert it in the wrongful death action, a contribution claim need not be brought as a cross-claim in the underlying action, but may be brought later in a separate suit.[14]

Under Georgia law, one tortfeasor may seek contribution from another joint tortfeasor.[15] A tortfeasor is entitled to contribution without proving negligence on the part of the joint tortfeasor "when two elements exist — that is, that the judgment has been entered against both and that it has actually been paid by one in an amount exceeding his pro rata share."[16] Where no judgment finding both tortfeasors liable has been entered, a right of contribution still exists,

---

[12] See id.

[13] See *Majestic Homes*, supra; *Fowler*, supra.

[14] See *Johnson & Harber Constr. Co. v. Bing*, 220 Ga. App. 179, 180 (1) (469 SE2d 697) (1996); *Krasaeath v. Parker*, 212 Ga. App. 525, 526 (1) (441 SE2d 868) (1994).

[15] See OCGA § 51-12-32.

[16] (Punctuation omitted.) *The Virginia Ins. Reciprocal v. Pilzer*, 278 Ga. 190, 191 (599 SE2d 182) (2004); see OCGA § 51-12-32 (b).

but the party seeking contribution must prove "that [his] own negligent actions and those of the [alleged joint tortfeasor] jointly caused [the harm]."[17] Thus, in the present action, we must determine whether the settlement and dismissal with prejudice constitute a determination of liability for purposes of contribution.

Suggs urges us to find that defendants who voluntarily settle a lawsuit should be bound as joint tortfeasors without the need to prove joint negligence, just as those who have had a judgment rendered against them would be. He argues that it does not serve judicial economy to require proof of joint negligence in a contribution action between parties to a settlement, because the parties must relitigate an issue already resolved. But defendants may settle a case without admitting liability, as was done here.[18] There are numerous reasons why a party might settle a case even if a potentially meritorious defense to liability exists. And the trial court need not consider the negligence of the parties before accepting a settlement agreement and entering a dismissal with prejudice. As our Supreme Court stated in *Marchman & Sons, Inc. v. Nelson,*

> [a] dismissal with prejudice *operates* as an adjudication on the merits. It is a final disposition. It bars the right to bring another action on the same claim or cause. However, it is not, in truth, a determination of the issues in the case. It merely functions as, or operates as, an adjudication of those issues without an actual presentation of and decision on them.[19]

Therefore, we conclude that, when there has been a settlement containing no admission of liability, a party seeking contribution from another party to the settlement must prove joint negligence; it is not established by the settlement and dismissal with prejudice. The trial court properly denied Suggs' motion for summary judgment on the contribution claim.

*Judgment affirmed in part and reversed in part. Johnson, P. J., and Barnes, J., concur.*

DECIDED JANUARY 26, 2006 —
RECONSIDERATION DENIED MARCH 23, 2006 — 

---

[17] *City of Albany v. Pippin*, 269 Ga. App. 22, 23 (602 SE2d 911) (2004).
[18] See, e.g., *United States Fidelity &c. Co. v. Sayler Marine Corp.*, 196 Ga. App. 850, 851 (397 SE2d 188) (1990).
[19] (Citation omitted; emphasis in original.) 251 Ga. 475, 477 (306 SE2d 290) (1983).

*Langdale & Vallotton, W. Pope Langdale III, Christopher D. Hall,* for appellant.
*J. Hugh Gordon,* for appellee.