A06A1132. CAMPBELL, ODOM & GRIFFITH, P.C. v. THE DOCTORS COMPANY.
(637 SE2d 108)

RUFFIN, Chief Judge.

Following a jury verdict in a previous action, The Doctors Company ("TDC") filed a contribution claim against Campbell, Odom & Griffith, P.C. f/k/a Cobb Surgical Associates, P.C. ("Cobb Surgical"). The parties filed cross-motions for summary judgment, and the trial court found in favor of TDC. Cobb Surgical appeals, contending that TDC was not entitled to contribution. We affirm for reasons that follow.

"Summary judgment is proper when there is no genuine issue of material fact and the undisputed facts, taken in the light most favorable to the nonmoving party, warrant judgment as a matter of law in favor of the moving party. Our review is de novo."[1] Viewed in this manner, the undisputed facts establish that John and Shirley Williamson obtained a jury verdict in a medical malpractice action against Cobb Surgical and TDC's insured, Alan Mitchell, M.D. In accordance with the verdict, the trial court entered a judgment in favor of the Williamsons and against Cobb Surgical and Dr. Mitchell, jointly and severally, in the amount of $2,214,237.60.[2] Thereafter, Cobb Surgical paid the Williamsons $900,000 to settle its portion of the judgment, and TDC paid $1,100,000 to settle Dr. Mitchell's portion. Following receipt of the settlement amounts, the Williamsons filed a satisfaction of judgment and a dismissal with prejudice.[3]

TDC filed a separate action for contribution, contending that it paid more than its pro rata share to satisfy the Williamsons' claims. Specifically, TDC asserted that the parties' respective settlements with the Williamsons effectively reduced the judgment amount to the total amount paid and that, because the parties were jointly and severally liable, they should have shared the common burden to

---

[1] *Leal v. Hobbs*, 245 Ga. App. 443 (538 SE2d 89) (2000); see OCGA § 9-11-56 (c).

[2] The jury awarded the Williamsons $2 million. The trial court reduced the verdict by $200,000 – the amount that a third defendant paid the Williamsons to settle its claims – and imposed prejudgment interest in the amount of $414,237.60, for a total judgment amount of $2,214,237.60.

[3] The satisfaction of judgment directed the clerk of court to mark the Williamsons' judgment paid in full and states that "judgment in the within matter is fully satisfied and nothing is owing to them under any judgment of this [c]ourt in the referenced matter."

satisfy the judgment equally, with each paying $1,000,000. Thus, TDC claimed entitlement to $100,000 in contribution from Cobb Surgical, because TDC paid $200,000 more than Cobb Surgical paid to satisfy the Williamsons' claims. The parties filed cross-motions for summary judgment, and the trial court ruled in favor of TDC, ordering that TDC recover $100,000 in contribution from Cobb Surgical.

Under Georgia law, "[i]f judgment is entered jointly against several trespassers and is paid off by one of them, the others shall be liable to him for contribution."[4] "Contribution among joint tortfeasors is enforceable where one has paid more than his share of the common burden which all are equally bound to bear."[5] The principle embodied in Georgia's contribution statute

> is equality in bearing a common burden. The general rule is that one who is compelled to pay or satisfy the whole or to bear more than his just share of a common burden or obligation, upon which several persons are equally liable or which they are bound to discharge, is entitled to contribution against the others to obtain from them payment of their respective shares. In other words, when any burden ought, from the relationship of the parties or in respect to property held by them, to be equally borne . . . contribution is due if one has been compelled to pay more than his share. The doctrine is not founded upon contract, but upon principles of equity, and assists in the fair and just division of losses, preventing unfairness and injustice.[6]

It is undisputed that the parties in this case were jointly and severally liable, and that the pro rata share of each was 50 percent. The sole issue presented in this case is whether the "common burden," which the parties are equally bound to bear, is (a) the amount of the post-verdict judgment; or (b) the compromise amount that Cobb Surgical and TDC ultimately paid the Williamsons to settle their claims after entry of the verdict and judgment.

We have previously addressed this issue and concluded that it is the post-judgment settlement amount that each party is equally bound to bear.[7] In *Cumbie v. Cumbie*, Flash Petroleum Company

---

[4] See OCGA § 51-12-32 (b).

[5] (Punctuation omitted.) *Tenneco Oil Co. v. Templin*, 201 Ga. App. 30, 35 (2) (410 SE2d 154) (1991).

[6] (Punctuation omitted.) *Pilzer v. Virginia Ins. Reciprocal*, 272 Ga. App. 27, 27-28 (611 SE2d 706) (2005).

[7] See *Cumbie v. Cumbie*, 146 Ga. App. 704 (247 SE2d 227) (1978).

obtained a joint judgment against C. L. Cumbie and L. H. Cumbie for $4,000.64, plus costs and interest. Thereafter, Flash Petroleum reached a settlement agreement with C. L. Cumbie, and accepted $2,261.75 as full satisfaction of the judgment. C. L. Cumbie then filed a claim against L. H. Cumbie for contribution, claiming that he was entitled to one-half of the settlement amount. L. H. Cumbie argued that C. L. Cumbie's failure to pay more than 50 percent of the judgment amount negated any right to contribution. We affirmed the trial court's grant of summary judgment to C. L. Cumbie because

> the judgment plaintiff expressly approved the amount of the levy coming to it as a full settlement. *These acts have the legal effect of reducing the original judgment to the amount paid for all intents and purposes, and that amount becomes the sum as to which all other [co-]defendants are liable for their aliquot share.*[8]

Cobb Surgical avers that *Cumbie* is no longer valid because the law at that time provided that the release of one joint tortfeasor operated as release to all joint tortfeasors.[9] In 1987, the Supreme Court adopted the current rule that "[a] valid release of one tortfeasor from liability for a harm, given by the injured person, does not discharge others for the same harm, unless it is agreed that it will discharge them."[10] Contrary to Cobb Surgical's assertion, this change in the law does not render *Cumbie* inapplicable to this case. Our decision in *Cumbie* was predicated on the fact that both of the joint tortfeasors had been fully released.[11] Here, the Williamsons filed a satisfaction of judgment against both Cobb Surgical and TDC after receipt of the compromise amount. That the release in the instant case was obtained by the agreement of the parties — as opposed to by operation of law, as in the *Cumbie* case — does not render *Cumbie* inapplicable.

Notwithstanding the amount of the post-verdict judgment, TDC paid more than Cobb Surgical paid to discharge their respective obligations to the Williamsons. TDC should not be penalized by Cobb Surgical's ability to negotiate a reduced settlement.[12] Because TDC paid more than its pro rata share of the compromise amount paid to

---

[8] (Emphasis supplied.) Id. at 704-705 (2).

[9] Id.

[10] *Posey v. Med. Center-West*, 257 Ga. 55, 59 (354 SE2d 417) (1987).

[11] See *Cumbie*, supra.

[12] See *Miller v. Perkerson*, 128 Ga. 465, 468 (3) (57 SE 787) (1907) ("Whatever advantage one joint defendant may acquire in dealing with the common creditor inures to all the joint defendants to their common benefit.").

the Williamsons, equity dictates that TDC recover from Cobb Surgical under these circumstances pursuant to OCGA § 51-12-32.[13] Thus, the trial court properly granted summary judgment to TDC.[14]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 27, 2006 — 

*Love, Willingham, Peters, Gilleland & Monyak, Robert P. Monyak, Jonathan E. Hawkins, Jeffrey S. Bazinet,* for appellant.

*Weinberg, Wheeler, Hudgins, Gunn & Dial, Robert G. Tanner, Laura L. Voght,* for appellee.